**Alfred G. MAYBURY, Appellant,**

v.

**Morgan Edward Aloysius COYNE, Appellee.**

Court of Appeals of Kentucky.

Feb. 7, 1958.

Rehearing Denied May 16, 1958.

Daniel W. Davies, Thomas D. Hirschfeld, Newport, for appellant.

Charles E. Lester, Jr., Lawrence Reidinger, Jr., Newport, for appellee.

SIMS, Judge.

██ The question for determination is whether or not appellant, Alfred G. Maybury, forfeited his pension of $2,400 per annum as the retired police judge of the city of Newport when he was elected mayor of Newport and served as such mayor for the annual salary of $3,000. The trial judge held the statute under which the retirement pay, or pension, was allowed is unconstitutional under the opinion in Talbott v. Thomas, 286 Ky. 786, 151 S.W.2d 1. Judge Maybury appealed.

It is provided in KRS 26.650 that the legislative body of second class cities (of which Newport is one) by proper legislation may provide pensions to police judges, who after July 1, 1954, have become 60 years of age and have served as a regular police judge, including service prior to that date, for a period of 20 years, or who retire at the age of 55 after 24 years of service.

In KRS 26.655 it is said that second class cities which pass legislation providing a pension for police judges shall establish a special fund known as the "Police Judge Pension Fund," to which the regular police judge shall contribute not more than 5% of his annual salary by having the city treasurer deduct same from his monthly pay; that the fund shall be under the exclusive control of the city legislative body; and if the fund is not sufficient to pay the pension as it becomes due, "they shall, from the police court fines, place into said fund, a sum sufficient to meet its requirements."

The pension is fixed at not exceeding $2,400 per annum by KRS 26.660, which section provides the pension shall not be "altered or changed during the time of the pension period of the retiring judge." The qualifications and the salary of the judge are set out in KRS 26.150, which salary shall not be less than $3,000 nor more than $4,800 per year, and no other compensation shall be paid except the fees allowed to judges for holding examining trials in felony cases.

The record shows that from the effective date of the city ordinance Judge Maybury contributed 5% of his salary until his retirement on January 2, 1956. The city commissioners on July 23, 1954, duly passed an ordinance complying with all sections of the statute just above mentioned and set up a pension fund for police judges wherein the pension was fixed at $2,400 per year for a police judge who has served for a period of 20 years and has become 60 years of age. On February 4, 1956, the city commissioners passed a resolution reciting that Judge Maybury had served for 20 years as police judge, had reached the age of 60 and had retired on January 2, 1956, and had duly applied for a pension under the city ordinance and under KRS, Chapter 26. It was ordered a monthly pension of $200 per month be paid him for life.

There is no controversy as to Judge Maybury having met all requirements of the statute and of the ordinance to entitle him to this pension.

We cannot see that Talbott v. Thomas, 286 Ky. 786, 151 S.W.2d 1, has any application to the instant case. The Talbott opinion (written by a special court) held that a $5,000 pension to the judges of the court of appeals, after 10 years service upon reaching 65 years of age, increased their compensation beyond the then constitutional limit of $5,000 per annum and in effect was but a deferred payment of salary. See § 246 of our Constitution before the 1948 amendment. We need not determine whether the Talbott opinion is sound in this particular because after it was decided, § 246 of our Constitution was amended and now the constitutional limitation on the salary of police judges is fixed at $7,200. The highest salary which could have been paid Maybury as police judge was $4,800 and when the amount of the pension, $2,400, is added thereto, his whole compensation would not exceed $7,200 per annum. Should it be argued his fees for holding examining trials in felony cases might have raised his compensation over $7,200 a year when his pension was added

to his salary as police judge, the answer would be he would have had to turn over such excess fees to the city just as "fee officers" now account for fees received in excess of their constitutional limit.

However, we do not regard a pension as being a deferred payment of salary, but rather as an inducement to competent persons to enter and remain in public service and to encourage the retirement from that service of those who become incapacitated from performing official duties as well as they might be performed by younger persons. 67 C.J.S. Officers § 92, p. 331.

The majority opinion in the Talbott case held the pension act for appellate judges then under consideration did not run afoul § 3 of our Constitution, since the services performed by the judges of the court of appeals were public services and § 3 set no limitation on salaries that may be paid to a public officer for his services. That section merely provides no emoluments may be granted except for public service. See Board of Education of Louisville v. City of Louisville, 288 Ky. 656, 157 S.W.2d 337.

We conclude the trial court erred in holding the statute and the ordinance under consideration violated § 3 and § 246 of the Kentucky Constitution.

 The question left for determination is whether the spirit of the statute and of the city ordinance setting up this pension is violated by Judge Maybury receiving his pension as a retired police judge after he had been elected mayor of Newport at a salary of $3,000 per annum. Pension statutes should be examined in their entirety for the legislative intent and are to be given a liberal construction. 67 C.J.S. Officers § 92, p. 331. Where the statute is sufficiently clear to remove all reasonable doubt as to its meaning and the legislative intent, there is no room for judicial construction. 62 C.J.S. Municipal Corporations § 588(d), p. 1195.

Here, the statute contains no provision against a pensioner being employed by the city in another capacity or from being elected to a city office—nor does the city ordinance setting up the pension fund. The statute expressly places in the legislative body of the city the exclusive control of the pension fund. Had the General Assembly intended the pensioner should not hold any city office while drawing his pension, it would have been an easy matter for it to have so provided in the statute. Likewise, had the city legislative body intended a retired police judge while receiving a pension should not be elected to another city office, the ordinance providing for the pension should have so stated.

An annotation on the subject appears in 162 A.L.R. 1469–1478, where many decisions from various courts in the union are discussed. From this annotation it seems that the right of a public officer or employee to a pension depends entirely upon the statute; therefore, the right to a pension is determinable from the terms of the statute and from such conditions as the grantor may see fit to prescribe. Where the statute under which the pension is granted provides for forfeiture or suspension of a retirement pension granted to a public officer or employee in case he should accept employment by the city, or be elected to another office in the city government, the statute effectively takes care of the situation in case such contingency happens. But where the statute does not contain such a provision, the acceptance of another employment, or the election to another office in the city government, by a retired public servant has no effect on his right to a pension, unless he is found to have waived such right. See Hickey v. Pension Board of the City of Pittsburgh, 378 Pa. 300, 106 A.2d 233.

Neither the statute nor the ordinance under which Judge Maybury was granted his pension expressly requires that he must forever remain unemployed, or not be elect-

ed to a public office, to continue to receive his retirement pension. Hence, we conclude his being elected to the office of mayor and serving as such at a salary, which with his pension does not exceed the constitutional amount he may receive as a public servant, does not require him to forego his pension while serving as mayor. We see a distinction between a pensioner being elected as a public officer of the city from which he receives his retirement pay and a pensioner who is employed in another capacity by the city paying his retirement pension. Judge Maybury is in a stronger position by being elected to a public office than he would have been had he been merely employed by the city after his retirement. However, the cases discussed in the annotation in 162 A.L.R. 1469–1478 appear to hold that one receiving a retirement pension from a municipality may accept employment therefrom without forfeiting his pension, unless he waives it to receive his second employment.

We may say in passing that our research has revealed a case holding that a policeman may not draw two pensions from the same city. Mulvey v. Waldo, 80 Misc. 317, 140 N.Y.S. 988, 989. There, Mulvey served as a policeman of New York City a sufficient length of time to retire on a pension. Subsequently he obtained work as a policeman in a nearby town which was later annexed by New York City, and he served again as a policeman in New York City a sufficient length of time to entitle him to retire on a pension; which he did and claimed a second pension. The court held he was not entitled to this second pension. However, in this second service he rose to the rank of lieutenant which entitled him to a larger pension and the court held he could have his first pension supplemented by the amount his second pension exceeded the first. It was there said: "The general rule in respect to all pension laws (is), that in the absence of the express provision to the contrary they will be so interpreted as to prevent any person from receiving a double pension." To the same effect is 62

C.J.S. Municipal Corporations § 588(d), p. 1195. The opinion in the Mulvey case fortifies us in our conclusion that Judge Maybury by being elected mayor of Newport and serving as such is not precluded from receiving his pension as a retired police judge of that city.

The judgment is reversed and one will be entered in conformity with this opinion.