STATE *vs.* DAVID F. HAGGERTY.

MAY 28, 1959.

PRESENT: Condon, C. J., Roberts, Paolino and Frost, JJ.

CONDON, C. J.   This is a criminal complaint and warrant which charged that the defendant "did not stop for the signal light at the intersection of Warwick Avenue and Occupasstuxet Road, when set red against him." After the defendant's plea in abatement and demurrer were overruled he was tried and found guilty by a justice of the superior court sitting without a jury. The case is here on the defendant's bill of exceptions to such rulings and decision.

On the view that we take of defendant's exception to the overruling of the demurrer it will not be necessary to consider any other exception. The demurrer avers that the complaint and warrant fail to allege an offense under the statute. The defendant contends that the specific provision of general laws 1956, §31-13-6, on which the charge purports to be based requires vehicular traffic to stop "before entering the intersection" when the traffic control signal is red. That provision, (c)(1), reads: "Vehicular traffic facing the signal shall stop before entering the crosswalk on the near side of the intersection or, if none, then before entering the intersection and shall remain standing until green or 'go' is shown alone."

However, while contending that the complaint and warrant substantially comply with that paragraph the state also relies on another paragraph of the statute, (b)(1), which reads in part as follows: "* * * vehicular traffic shall

160

not enter or be crossing the intersection when the red or 'stop' signal is exhibited."

The state contends that the complaint and warrant sufficiently inform the defendant of an offense under either paragraph. It concedes that the allegation of such offense does not agree in all respects with the language of (c)(1), but it nevertheless argues that the allegation "is sufficient to give the court and the defendant notice of what offense is intended to be charged, as required" by that language.

The defendant replies that if such a construction is adopted the law would place a motorist in a dilemma by requiring him to stop in the intersection if the light should turn red before he was able to pass through the intersection. In such a situation defendant points out that if the motorist did not stop he would violate §31-13-6, and if he stopped he would violate §§31-21-1 and 4(3) which prohibit blocking traffic and stopping in an intersection. With reference to paragraph (b)(1) of §31-13-6, defendant makes no specific answer but we assume the above argument applies also to that paragraph.

We are of the opinion that the complaint does not charge an offense under paragraph (c)(1). It is clear from the language of that paragraph that the prohibition is directed against *entering* an intersection when the signal light is red. The language of the complaint does not charge defendant with violating such prohibition. But the question remains whether the complaint is sufficient under paragraph (b)(1).

If that paragraph were to be applied literally the operator of a vehicle who had lawfully entered the intersection would be required to stop when the signal light changed to red while the vehicle was proceeding through the intersection. Such a construction of a statute which was expressly intended to promote traffic safety would be absurd. Instead of reducing hazards to the traveling public at intersecting highways it would tend to increase them. Thus a literal

application of the words in paragraph (b)(1) would not give effect to the manifest intention of the legislature but would defeat it. Not only would that be so, but as defendant argues such a construction of that paragraph would result in an apparent inconsistency between it and §§31-21-1 and 4(3), which expressly prohibit blocking traffic and stopping in intersections.

Statutes which appear to be inconsistent should be so construed and applied as to resolve such inconsistency if possible. And they should never be applied literally if to do so would result in a patent absurdity. *Radick* v. *Zoning Board of Review*, 84 R. I. 472. It is to be presumed that the legislature did not intend to enact an absurdity. *Zannelli* v. *DiSandro*, 84 R. I. 76. Accordingly we must decline to apply paragraph (b)(1) literally. On the contrary we construe such paragraph so as to make it consistent with paragraph (c)(1) and to avoid any apparent conflict with §§31-21-1 and 4(3). Such a construction tends to give effect to the express intention of the legislature to promote highway safety and remove confusion which otherwise would remain and make all provisions unenforceable. *Davis* v. *Cranston Print Works*, 86 R. I. 196, 133 A.2d 784.

For the above reasons we are of the opinion that the defendant's demurrer should have been sustained and that the trial justice erred in overruling it.

The defendant's exception to the overruling of his demurrer is sustained, such ruling is reversed, and the case is remitted to the superior court with direction to discharge the defendant.

*J. Joseph Nugent*, Attorney General, *Alfred E. Motta*, Special Counsel, for State.

*Aram K. Berberian*, for defendant.