STATE *vs.* BERNARD F. McGUIRE, JR.

DECEMBER 17, 1959.

PRESENT: Condon, C. J., Roberts, Paolino, Powers and Frost, JJ.

ROBERTS, J. This is a criminal complaint charging that the defendant, while operating his motor vehicle on West Shore Road in the city of Warwick on June 24, 1958, "did not drive at an appropriate reduced speed when approaching an intersection, to wit: Sarah Teft Drive." The defendant demurred to the complaint on the ground that it failed to charge a violation of the statute. This demurrer was overruled and the defendant excepted thereto. After a trial before a justice of the superior court sitting without a jury the defendant was found guilty. The case is here on his exceptions to the overruling of the demurrer and to other rulings during the trial.

Because of the view which we take on defendant's exception to the overruling of his demurrer, it will not be necessary for us to consider any other exception. The averment of the demurrer is that the complaint fails to allege an offense under general laws 1956, §31-14-3. The defendant contends, and the state apparently concurs, that it was intended that defendant be charged with a violation of this statute, the pertinent part of which reads: "The driver of every vehicle shall * * * drive at an appropriate reduced speed *when approaching and crossing* an intersection or railway grade crossing, when approaching and going around a curve, when approaching a hill crest, when traveling upon any narrow or winding roadway, *and* when special hazard

exists with respect to pedestrians or other traffic or by reason of weather or highway conditions." (italics ours)

In his brief defendant directs our attention to the absence in the complaint of any allegations, first, that he failed to reduce his speed when approaching "and crossing" the intersection and, second, that a "special hazard" existed with respect to pedestrians or other traffic or by reason of weather or highway conditions. He contends that the offense intended to be set out, as contemplated by the statute, includes the approach to *and the crossing of* an intersection when there is in existence a special hazard arising out of the conditions enumerated in the final phrase of the statute. In other words, defendant argues that the statute specifies several acts which will constitute an offense thereunder if committed when there is in existence a "special hazard" within the meaning of the final phrase of the statute above referred to.

We are of the opinion that defendant's first point is well taken and that the absence of an allegation in the complaint that he failed to reduce his speed when approaching *and crossing* an intersection renders the complaint invalid. To constitute a violation of this particular provision, the statute requires that the operator of a motor vehicle must not only have failed to reduce his speed when approaching an intersection but also when crossing through an intersection. In *State* v. *Haggerty,* 89 R. I. 158, 151 A.2d 382, this court held that a complaint charging that a defendant "did not stop for the signal light at the intersection * * * when set red against him" did not charge the defendant with an offense under the provisions of a statute requiring vehicular traffic to stop "before *entering* the intersection" when the traffic control signal is red. (italics ours)

We stated in that case that the prohibition of the statute was directed against *entering* an intersection when the signal light was red and concluded that the language of the complaint above quoted did not charge the defendant with

violating such a prohibition. We are of the opinion that the same infirmity is to be found in the complaint in the instant case. This section of the statute was intended to prohibit the crossing of an intersection without a reduction in speed and the complaint here fails to charge defendant with such a violation.

The state argues that in this respect the complaint sufficiently informs the defendant of the nature of the offense intended to be charged and that therefore the complaint is valid. In support of this position it directs our attention to G. L. 1956, §12-12-6 (b), which provides, *inter alia,* that an offense may be alleged "By stating so much of the definition of the offense, either in terms of the common law or of the statute defining the offense or in terms of substantially the same meaning, as is sufficient to give the court and the defendant notice of what offense is intended to be charged."

It is true that by virtue of this provision of the statute, where the language of the complaint is sufficient to inform a defendant of the offense with which he is charged, the complaint is not demurrable. In the instant case the complaint differs in that it does not charge the defendant with an offense under the statute, for if the allegations of the complaint were proved, that is, that the defendant failed to reduce his speed on approaching an intersection, he still would not have been proved guilty of the offense set out in the statute. It is our opinion that for these reasons the trial justice erred in overruling the defendant's demurrer.

The defendant's exception to the overruling of his demurrer is sustained, and the case is remitted to the superior court with direction to discharge the defendant.

*J. Joseph Nugent,* Attorney General, *Alfred E. Motta,* Special Counsel, for State.

*Pontarelli & Berberian, Aram K. Berberian,* for defendant.