300 A.2d 51.

GENARO G. COSTANTINO *vs.* EMPLOYEES' RETIREMENT SYSTEM OF THE CITY OF PROVIDENCE.

FEBRUARY 8, 1973.

PRESENT: Roberts, C.J., Paolino, Powers, Joslin and Kelleher, JJ.

KELLEHER, J. Genaro G. Costantino entered the employ of the city of Providence on May 6, 1949 and simultaneously became a member of the city's Retirement System, which was first established by the enactment of P. L. 1923, ch. 489, the Providence Retirement Act. Mr. Costantino's service with the city was spent with the Department of Air Pollution. He terminated his employment with the city on July

30, 1967 so that he could assume a position with the federal government. Shortly before his departure from city service, Mr. Costantino notified the Retirement Board that he was retiring and that he chose to collect his benefits under the so-called "Deferred Plan." This selection gave Mr. Costantino an opportunity to make a later choice as to how and in what amounts his pension would be paid. Benefits could not be paid until he had attained his 60th birthday—an event that occurred in July, 1969.

When Costantino retired in July, 1967, the Retirement Act provided for an annual pension equal to one-sixtieth of an employee's "final compensation" multiplied by the number of years he had worked for the city. Public Laws 1965, ch. 25, sec. 9. During its January, 1968 session, the General Assembly amended the Retirement Act so that the pension was to be determined by computing the annual benefit on the basis of one-fiftieth rather than one-sixtieth of an employee's "final compensation." Public Laws 1968, ch. 146, sec. 7.

When Costantino made his choice of payment, he sought a monthly payment which was based on the one-fiftieth fraction found in the 1968 amendment. The Retirement Board ruled that the payment was to be based on the one-sixtieth fraction rather than the one-fiftieth. Costantino instituted this civil action in which he seeks a declaration as to the extent of his pension rights. The Superior Court affirmed the board's ruling and so do we.

The plaintiff, in maintaining that he is entitled to the larger payment, claims that even though employed by the federal government in 1968, he remained a member of the city's pension system because of a portion of the following provision of sec. 7(2) of the Retirement Act, which reads as follows:

"Should the service of any member in any period of six consecutive years after last becoming a member amount to less than three years, or should he withdraw his accumulated contributions, or should he become a beneficiary or die, he shall thereupon cease to be a member."

This section, he claims, lists the different ways a worker's status as a member of the retirement system can be terminated. He points to the phrase "three years" and argues that these words afford a period of three years following retirement during which an individual remains in the retirement system so long as he does not withdraw his funds or dies. This is simply not so.

It is obvious that the reference to three years means that any employee who becomes a member of the system and who during any subsequent period of six consecutive years spends half that time off the city payroll automatically loses his status as a member of the system. Further, plaintiff overlooks one method of termination of members which is specifically found in this section. It becomes operative the day an individual retires. Any doubt as to plaintiff's status is resolved by the provisions of sec. 9(11)[1] which states that if an individual who has retired under the deferred benefit provisions of the act is restored to service before he attains the age of 60, "he shall again become a member" of the system.

We agree with the trial justice that the provisions of sec. 7(2) and sec. 9(11) show an unmistakable legislative intent that once an employee submits his retirement application to the board and it is accepted, his status is no longer that of a member of the system but rather he then becomes a beneficiary, or, as in the case at bar, a *deferred beneficiary* whose benefits will be paid at some future date. The date

---

[1]This subdivision was added in 1951 by the enactment of P. L. 1951, ch. 2780, sec. 7.

which triggers a change in status is his retirement date and not the date when he decides in what manner the benefits due him will be paid.

The plaintiff's appeal is denied and dismissed.

Mr. Justice Powers participated in the decision but retired before its publication.

*Abatuno & Chisholm, Alfred G. Thibodeau,* for plaintiff.

*Robert J. McOsker,* City Solicitor, *Ronald H. Glantz,* Deputy City Solicitor, for defendant.