**Dr. Theresa E. TRIFARI et al.**

v.

**EMPLOYEES' RETIREMENT SYSTEM OF the CITY OF PROVIDENCE et al.**

No. 82–217–Appeal.

Supreme Court of Rhode Island.

Dec. 7, 1984.

Richard G. Gelineau, North Kingstown, for plaintiff.

Frank Mastrati, Jr., Asst. City Sol., Providence, for defendant.

OPINION

SHEA, Justice.

This is an appeal by the plaintiffs from a judgment of the Superior Court in favor of the defendants in a declaratory-judgment action. The issue before the court is the plaintiffs' entitlement to increased service retirement benefits provided to pensioners by reason of P.L.1974, ch. 267. We reverse.

The plaintiffs represent and are members of a class of 112 retired school teachers of the city of Providence, some of whom are now deceased. On July 1, 1974, all of the class members were recipients of pensions from the Employees' Retirement System of the City of Providence, created pursuant to P.L.1923, ch. 489. Some members of the class of plaintiffs were retired prior to January 1, 1968, and the remainder retired after January 1, 1968, but before October 1, 1973. Effective July 1, 1974, chapter 489 of P.L.1923 was amended by P.L.1974, ch. 267, § 4, which added subdivision 13, entitled "Additional Benefits," to chapter 489. Pursuant to such amendment, any pensioner retiring before January 1, 1968, who had completed twenty-five years of service was entitled to an increase in his or her base monthly pension to $250. Those pensioners who had completed less than twenty-five years of service were entitled to one-twenty-fifth of the above minimum benefits for each year of service. Those persons retiring before October 1, 1973, were to receive a 6 percent increase in their then-current pension or the base monthly pension of $250, whichever was greater.

The controversy presented by this case focuses on an act of the Legislature passed in 1948 and how this act affects plaintiffs' status as pensioners under the local system.

In 1948 the General Assembly passed P.L.1948, ch. 2101, codified at G.L.1956

chapter 16 of title 16 entitled "An Act Providing a State-Wide Retirement System for School Teachers of the Several Cities and Towns of the State," effective July 1, 1949. This act authorized the establishment of a separate statewide retirement system under which all public school teachers within the state, including these plaintiffs, were required to become members of the system and to make contributions thereto. Under section 5(1) of chapter 2101 of P.L.1948, G.L.1956 § 16-16-18,

> Every teacher·employed by the City of Providence or the City of Newport who becomes a member of the state retirement system under the provisions of this act shall thereupon cease to be a member of the Employees' Retirement System of the City of Providence * * *, except to the extent necessary to secure to such teacher the rights and benefits provided in this section and no such teacher shall be required to make contributions under any pension or retirement system of said City of Providence * * *.

With respect to accumulated contributions standing to the credit of teachers in the local city system, including these plaintiffs, section 5 of chapter 2101 of P.L.1948, G.L.1956 § 16-17-17 provides that

> The vested rights of every teacher who on June 30, 1949 was a member of the Employees' Retirement System of the City of Providence * * * are hereby guaranteed and secured as hereinafter provided in this section.

Under subsections (2) and (3) of section 5, teachers were given the option either to withdraw the full amount of their contributions with accrued interest, whereupon their rights and benefits under the local system would cease, or to leave their contributions in the local system and thereafter be entitled to the benefits under said system with the additional proviso that any optional contributions over and above the mandatory member contributions could be withdrawn without affecting the benefits to be paid to such teachers.

In accordance with the language of section 5(3)(a) and (b), said benefits were to be determined as of June 30, 1949, and were to be paid as follows: (a) for as long as such teacher continued under the employ of the city of Providence, accumulated contributions in the annuity savings fund would be increased by interest compounded at the rate of 2 percent per annum and on retirement an annuity of equivalent actuarial value would be paid and (b) the amount of reserve held in the pension accumulation fund would be similarly determined, increased by a like percentage, and a pension paid on retirement of equivalent actuarial value to the reserve.

Following a denial of their claim by the Retirement Board of the City of Providence, plaintiffs sought a declaration of their status in Superior Court. They maintain that the language of P.L.1948, ch. 2101, G.L.1956 chapter 16 of title 16, when read together with P.L.1974, ch. 267, evinces a clear legislative intent to protect their status as pensioners and beneficiaries of both systems, thereby entitling them to the additional benefits contained in the amendment to the city's retirement system. The defendants, on the other hand, contend that plaintiffs were removed from the Retirement System of the City of Providence by P.L.1948, ch. 2101, § 16-16-18, which created a separate retirement system for all teachers in the state, and by virtue of such removal, no amendment of P.L.1923, ch. 489, which occurred after the enactment of P.L.1948, ch. 2101, could possibly affect these plaintiffs. The Superior Court granted defendant's motion for summary judgment on March 31, 1982, and plaintiffs appealed.

The issue for our consideration is the proper construction of the law as amended with respect to those having pensionable status when it was amended. We note at the outset our standard of review with respect to statutory construction: "Our paramount task in construing a statute is to ascertain the intent behind its enactment and to effectuate that intent whenever it is

lawful and within the competence of the Legislature." *Dunne Leases Cars & Trucks, Inc. v. Kenworth Truck Co.*, R.I., 466 A.2d 1153, 1156 (1983). "In construing a statute, this court must give effect to all parts of a statute; the words used therein must be given their plain and customary meaning. * * * If the statutory language is clear and unambiguous, the statute must be interpreted literally." *Murphy v. Murphy*, R.I., 471 A.2d 619, 622 (1984). We are not aided in our task by any legislative history, nor has the particular legislation at issue here been expressly ruled on in any earlier Rhode Island cases. The plaintiffs call our attention to *Costantino v. Employees' Retirement System of Providence*, 111 R.I. 113, 300 A.2d 51 (1973), where this court held that "once an employee submits his retirement application to the board and it is accepted, his status is no longer that of a member of the system but rather he then becomes a beneficiary * * * whose benefits will be paid at some future date." *Id.* at 115, 300 A.2d at 52. No one disputes this view. The question here is whether the Legislature contemplated these particular plaintiffs when it used the words "any pensioner" in P.L.1974, ch. 267, § 4(13). That section provides:

> Additional Benefits.—(a) The benefits for persons who retired prior to 1/1/68 shall be adjusted as follows: The benefits of *any pensioner* who retired after completion of 25 years of service shall be increased to a base monthly pension of two hundred fifty dollars ($250.) per month * * *. In the event the pensioner had completed less than twenty-five years of service, he shall be entitled to receive ¹⁄₂₅th of the above minimum benefits for each year of his service. (b) Those pensioners who retired before 10/1/73 shall receive a six per cent increase in their current pension payment * * *. [Emphasis added.]

Black's Law Dictionary 1021 (5th ed. 1979) defines "pensioner" as any "[r]ecipient or beneficiary of a pension plan." We have already said that plaintiffs' status as beneficiaries under the local system and, for that matter, under the state system, has not been disputed. They all joined the local system prior to 1948, and they were all receiving pension benefits from said system on or about July 1, 1974, the effective date of the increase. If the Legislature had intended to limit the payment of such increased benefits to all city of Providence employees except teachers, it would have specifically said so. To the contrary, the Legislature made specific reference to members of the teaching staff of the public schools of the city of Providence as originally created by section 7 of P.L.1923, ch. 489, in section 3 of P.L.1974, ch. 267, which amended paragraph (c) of section 9. Section 9(c), as amended, lists various occupational groups and enumerates the minimum age requirement each group must attain for pension eligibility. Teachers of the city of Providence compose the whole of group 3 with a minimum service retirement age of sixty. It will be observed that the group classifications have remained unchanged from the 1923 legislation creating the city system to the 1974 amendment—only the retirement ages for some of the groups differ. If plaintiffs had been removed from the city system in 1948 as defendants contend, why is this particular occupational group retained and repeated in the 1974 amendment? The rule prevailing in most jurisdictions is that pension statutes must be construed liberally. "[L]egislation providing pension systems must be liberally construed in favor of the intended beneficiaries." *Groves v. Board of Trustees of Teachers' Retirement System of Louisiana*, 324 So.2d 587, 594 (La.Ct.App.1975).

We consider next the language of P.L. 1948, ch. 2101, specifically section 4, entitled "Benefits Payable." That section reads:

> The benefits payable to teachers under this act shall be those benefits provided in said chapter 18 of the general laws [of 1938], as amended, with and subject, however, to the following conditions and modifications:
>
> *      *      *      *      *      *

(3) In the case of any member *who is also a member of the retirement system of any city or town,* the service retirement allowance or ordinary disability retirement allowance provided by this system shall not exceed the difference between (a) the amount of any annuity, benefit or service retirement allowance payable by such other system to the member of the state system and (b) 75% of the annual rate of compensation of the member at the date of retirement. [Emphasis added.]

In his decision, the trial justice cited a portion of section 7 of chapter 2101 in support of his conclusion that plaintiffs were entitled to only those benefits accruing to state employees from and after the creation of the state retirement system in 1948. The following excerpt from section 7 appears in his decision:

[A]ll provisions of said chapter 18 of the General Laws, as amended, shall extend and apply to the persons made members of said retirement system by the provisions of this act.

That section, however, is prefaced with the phrase "[e]xcept as in this act specifically otherwise provided * * *." Its applicability therefore is dependent upon a reading of chapter 2101 in its entirety. "Pension statutes should be examined in their entirety for the legislative intent and are to be given a liberal construction." *Maybury v. Coyne,* 312 S.W.2d 455, 457 (Ky.Ct.App. 1958).

Under the view we take, section 7, when read in conjunction with section 4, demonstrates an intent by the Legislature to include those individuals who, by virtue of the options contained in subsections (2) and (3) of section 5 of chapter 2101, chose to leave their contributions in the local system. As such, they retained their status as pensioners of the local system entitled to any benefits therefrom, including the additional benefits provided for in the 1974 amendment to the local system. Thus, the plaintiffs are entitled to such amounts as may be due them by the amending act of P.L.1974, ch. 267 with regard to the additional benefits as claimed in their complaint.

For the reasons stated, the plaintiffs' appeal is sustained, the judgment of the Superior Court is reversed, and the papers in the case are remanded to the Superior Court for entry of judgment for the plaintiffs.