Dear Lt. Rushing,
The Attorney General has received your request for an official opinion asking, in effect:
 1. May an employee of the Oklahoma Highway Patrol who is retired and receiving a benefit from the Oklahoma Law Enforcement Retirement System (OLERS) become employed by the Oklahoma Alcoholic Beverage Laws Enforcement Commission, and continue to receive his retirement?
 2. If the answer to Question No. 1 is yes, must the retired member continue to pay his contributions to OLERS during his reemployment?
The questions you pose center around the problems arising by the re-employment of a retired member of OLERS by another State agency which also participates in OLERS, and also the possibility of OLERS members "double-dipping" (receiving two retirement benefits) from the same system. The OLERS statutes are silent on the issue so equitable and common law principles must be employed to reach a result.
Employees of the Oklahoma Highway Patrol, the Oklahoma State Bureau of Investigation, the Oklahoma State Bureau of Narcotics and Dangerous Drugs, the Oklahoma Alcoholic Beverage Laws Enforcement Commission and some other Department of Public Safety employees are eligible to become members in OLERS. Membership in OLERS by eligible employees is mandatory. A.G. Opin. No. 80-268 (December 2, 1980).
Your first question asks whether a retired member of OLERS is eligible for re-employment by one of the other State agencies participating in OLERS. Pension statutes should be given a liberal construction consistent with the overall intent of the Legislature. Trifari v. Employees'Retirement System of Providence, 485 A.2d 100 (R.I. 1984); Maybury v.Coyne, 312 S.W.2d 455 (Ky. 1958). Unless the statutes clearly mandate that a retirant's benefit ceases upon re-employment by a participating agency, such re-employment will not suspend or affect the retired member's benefit. Harrill v. Teachers' and State Employees' RetirementSystem. 156 S.E.2d 702 (N.C. 1967); Maybury v. Coyne, supra. The answer to your first question is that a retired OLERS member may continue to receive his benefit even after his re-employment by another agency participating in OLERS.
The answer to your second question is not nearly so clear. Because several different State agencies participate in OLERS, it is entirely possible, and indeed typical, for an employee of the Highway Patrol to resign and become employed by the O.S.B.I. or another participating agency and count all of this time as "credited service." This is possible because credited service generally includes the entire time in which an employee is employed in any "eligible membership classification" which includes employment by any agency participating in OLERS. 47 O.S.2-300(9) (1984).
In the situation posed by your opinion request an employee of a participating agency has been employed long enough to be eligible for retirement. If an employee became a member of OLERS (or its predecessor) prior to January 1, 1967, the employee may retire and begin to receive benefits after twenty (20) years of service. 47 O.S. 2-300(6)(a) (1984). For example, an employee who was employed by the Highway Patrol at the age of twenty-two (22) in 1965, would be eligible to retire and receive his benefit in 1985 at the age of forty-two (42). This, however, is not mandatory. No member of OLERS must retire until he or she reaches the age of sixty (60) and completes twenty (20) years of credited service. Even upon reaching the age of sixty (60), the member may apply to the OLERS Board and continue his or her duties. 47 O.S. 2-305(A) (1984).
Because certain OLERS members may retire at an early age but are not required to retire and also because of the ability of an OLERS member from one agency to become employed by another agency, a member eligible to retire but desiring to continue employment could simply make the transfer, continue his retirement contributions and not receive a benefit. His continued years of employment would then be counted towards his or her years of "credited service." 47 O.S. 2-300(9) (1984). This, of course, would be at the employee's option and the employee would continue to make employee retirement contributions but would not receive his retirement benefit.
Your second question, however, asks whether a retired member can retire, receive his benefit, become re-employed by another agency, continue to make retirement contributions and become eligible (at least theoretically) for a second retirement benefit from the OLERS fund. This is commonly known as "double-dipping" or a double pension. Again, the OLERS statutes do not specifically forbid or allow such a practice.
In the absence of specific legislative provisions allowing "double dipping," pension statutes will be interpreted to prevent a person from receiving a double pension. Mayberry v. Coyne, supra; Mulvey v. Waldo,140 N.Y.S. 988 (1912); see also, United States v. Teller, 107 U.S. 64,2 S.Ct. 39, 27 L.Ed. 352 (1883). The OLERS statutes do not specifically authorize "double-dipping" and may easily be construed to avoid that result. As stated previously, membership in OLERS by eligible employees is mandatory. A.G. Opin. No. 80-268, supra. Once an employee begins to work he must make contributions to the fund. 47 O.S. 2-304 (1984). While the statutes do not define and distinguish a "member" of OLERS from a "retired member," such a distinction obviously exists. A retired member receiving his retirement benefit obviously ceases to make further contributions which must be paid by an "active" member. He receives no salary on which to base his 8% contribution. 47 O.S. 2-304 (1984). If a "retired member" were allowed to receive a retirement benefit and make employee contributions, one person would essentially become two members, i.e., a retired member and an active member. We construe the OLERS statutes to only allow a person to be either an active member or a retired member, but not both.
This construction results in two possibilities. As stated previously an OLERS member eligible to retire and who desires to work for another agency participating in OLERS may opt to transfer to the second agency, put off retirement, continue making contributions, and use all of his years of service at both agencies towards his eventual retirement.
The second possibility is for the OLERS member who is eligible to retire and work for another agency, to retire, receive his benefits, go to work for the second agency, but not pay employee contributions and not count any of his time during this period of service towards retirement. At no time may an employee in the OLERS system be a retired member receiving his retirement benefit and also an active member paying into the system.
It is, therefore, the official opinion of the Attorney Generalthat:
 1. A retired member of the Oklahoma Law Enforcement Retirement System (OLERS), 47 O.S. 2-300 (1984) et seq., who had been employed by one state agency participating in OLERS, may be employed by a different agency participating in OLERS and continue to receive his retirement benefit.
 2. A retired member of the Oklahoma Law Enforcement Retirement System (OLERS), 47 O.S. 2-300 (1984) et seq., who is receiving a retirement benefit and who becomes re-employed by another agency participating in OLERS, may not make employee retirement contributions to OLERS and become eligible for a second retirement benefit.
MICHAEL C. TURPEN, ATTORNEY GENERAL OF OKLAHOMA
THOMAS L. SPENCER, ASSISTANT ATTORNEY GENERAL