Dear Honorable Wideman,
The Attorney General has received your request for an official opinion asking, in effect:
 Is an investigator of a District Attorney's Office, who has retired from a police agency and who is currently receiving retirement benefits from the Police Pension and Retirement System, eligible for membership in the Oklahoma Public Employees Retirement System, under 74 O.S. 901 (1981) et seq.?
The Oklahoma Public Employees Retirement System (OPERS) is established and provided for at 74 O.S. 901 (1981) et seq. That Act, at 74 O.S.902(15) (1985), sets forth, in pertinent part, which "employees" are eligible to participate in the system. Employees and appointees of the Office of District Attorney clearly fall within the class of employees eligible for membership in OPERS. Title 74 O.S. 902(15)(c) (1985) provides, in part, as follows:
 "[I]t shall be mandatory for an officer, appointee or employee of the office of district attorney to become a member of this System if he is not currently participating in a county retirement system."
Membership in OPERS is no less mandatory for almost every other state employee as well. Title 74 O.S. 911(1) (1985) provides:
 "Any employee of a participating employer on the entry date of such employer shall be a member of the System on the entry date." (Emphasis added).
This office has previously construed similar language in another State retirement system to mean that membership in a State retirement system is mandatory. See, A.G. Opin. No. 80-268.
In your question you also indicate, however, that the employee is receiving a retirement benefit from the Police Pension and Retirement System, which is a State-administered retirement system. See, 11 O.S.50-101 (1981) et seq.
The OPERS statutes also specifically exclude certain classes of employees. Title 74 O.S. 902(15) (1985) provides in pertinent part as follows:
"Eligibility [in OPERS] shall not include:
 "(a) any employee who is receiving a retirement benefit from another retirement plan authorized under any other law of this state in operation on the entry date, except that this definition shall not exclude any person as defined herein who is covered only by Social Security."
The clear intent of 74 O.S. 902(15)(a) is to prevent employees from "double dipping," i.e., drawing two separate State retirement checks. Even in the absence of legislative provisions, pension statutes will be construed to avoid double-dipping. Maybury v. Coyne, 312 S.W.2d 455 (Ky. 1958); see, A.G. Opin. No. 85-068. Here the Legislature has clearly forbidden a person to join OPERS if he or she is receiving or eligible to receive another State retirement benefit.
It is, therefore, the official opinion of the Attorney General that afull-time investigator of the district attorney's office, who isreceiving benefits from the Police Pension and Retirement System, 11O.S. 50-101 (1981) et seq., is not eligible to participate and be amember of the Oklahoma Public Employees Retirement System pursuant to 74O.S. 902(15)(a) (1985).
MICHAEL C. TURPEN, ATTORNEY GENERAL OF OKLAHOMA
THOMAS L. SPENCER, ASSISTANT ATTORNEY GENERAL