**PIZZA HUT OF AMERICA, INC.**

v.

**Louis H. PASTORE, Jr.**

**No. 84–430–M.P.**

Supreme Court of Rhode Island.

Jan. 12, 1987.

John S. DiBona, Cranston, for plaintiff.

Richard E. Simms, Warwick, G. Chandler Beals, Providence, for the Children's Place, Ltd.

John Hines, Jr., Legal Counsel for the Liquor Control Admin., Susan D. Hayes, Maura C. Travers, Legal Counsel for Dept. of Business Regulation, William Conley, Jr., City Sol., for the City of east Providence, for defendants.

## OPINION

MURRAY, Justice.

This case is before the court on a petition for certiorari to review a decision of the Superior Court affirming the State Liquor Control Administrator's denial of a class-B liquor license to petitioner, Pizza Hut of America, Inc.

In September 1983, the Board of License Commissioners of the City of East Providence granted petitioner a class-B limited alcoholic beverage license for the sale of beer. The Children's Place, Ltd. (Children's Place), a private preschool located within 200 feet of petitioner's business, appealed the licensing to the Liquor Control Administrator. The preschool contends that it is a public or parochial school within the purview of G.L.1956 (1976 Reenactment) § 3–7–19, as amended by P.L. 1983, ch. 277, § 1. This enactment prohibits the issuance of certain types of liquor licenses to any business located within 200 feet of a public or parochial school.[1] The administrator reversed the grant of the license in a decision dated March 12, 1984.

The petitioner appealed to the Superior Court. The Children's Place intervened as a party defendant. Based on the memoranda of the parties, the trial justice upheld the decision of the Liquor Control Administrator. Although finding that the Children's Place was not a public or a parochial school within the meaning of § 3–7–19, the trial justice reasoned that it was unlikely that the Legislature intended to exclude private-school children from its mandate.

Following this decision, petitioner filed a petition for a writ of certiorari which was granted on December 13, 1984.

The petitioner argues that the trial justice erred in interpreting § 3–7–19. It points out that had the Legislature intended to include all schools in the provision it would have done so. Moreover, petitioner claims that by interpreting the enactment to include private schools, the trial justice has essentially rewritten the legislation.

It is a well settled rule of statutory construction that where "the language of a statute is clear and unambiguous, the statute may not be construed or extended but must be applied literally." *Citizens for Preservation of Waterman Lake v. Davis,* 420 A.2d 53, 57 (R.I.1980); *North Providence School Committee v. Rhode Island State Labor Relations Board,* 122 R.I. 415, 418, 408 A.2d 928, 929 (1979); *Augustine v. Langlais,* 121 R.I. 802, 804, 402 A.2d 1187, 1188 (1979). In addition, " 'the words used

---

**1.** General Laws 1956 (1976 Reenactment) § 3–7–19, as amended by P.L.1983, ch. 277, § 1 provides in part:

"Retailers' class B, C and I licenses under this chapter shall not be issued to authorize the sale of beverages * * * in any building within two hundred feet (200′) of the premises of any public or parochial school * * *."

therein must be given their plain and customary meaning.' " *Trifari v. Employees' Retirement System of Providence*, 485 A.2d 100, 102 (R.I.1984). Although a particular statutory interpretation may render a statute inapposite to the matter pending, "we may not alter the meaning to make it applicable and promote what we think a more desirable result." *Little v. Conflict of Interest Commission*, 121 R.I. 232, 237, 397 A.2d 884, 887 (1979). Only in circumstances where a literal interpretation of a statute makes for an absurd result have we departed from this principle. *State v. Haggerty*, 89 R.I. 158, 161, 151 A.2d 382, 384 (1959).

The intervenor in the instant case proposes that we categorize the Children's Place as a public or parochial school within the meaning of § 3–7–19. A public school is a school which is established and maintained at public expense. *Price v. Retirement Board*, 110 R.I. 787, 790, 298 A.2d 121, 123 (1972). We have said that a parochial school is a school associated with or sponsored by a religious denomination which provides for religious instruction in addition to compulsory educational requirements. *Rice v. Board of License Commissioners of Lincoln*, 90 A. 419, 419 (R.I. 1914).

The Children's Place is a privately funded profit-making organization. It does not associate itself with any religious denomination and therefore cannot be classified as a parochial school.

We believe that the Legislature intended to exclude private schools from the protection afforded by § 3–7–19. We are aware of the social intent of the legislation, and yet upon the peculiar facts of this case, we do not believe that this interpretation of the statute leads to an absurd result. If the court has not interpreted the statute in a manner consistent with the legislative intent to promote temperance, further societal response is the exclusive prerogative of the Legislature.

For the reasons stated, the petition for certiorari is granted and the judgment of the Superior Court is hereby quashed. The papers in the case are remanded to the Superior Court with directions to reverse the decision of the State Liquor Control Administrator and to order reinstatement of the decision of the Board of License Commissioners of the City of East Providence granting the petitioner a class-B limited alcoholic beverage license.