**Judge John Chris CORNETT, Appellant,**

v.

**BOARD OF TRUSTEES OF the KENTUCKY JUDICIAL FORM RETIREMENT SYSTEM, Appellee.**

No. 88-CA-179-S.

Court of Appeals of Kentucky.

Jan. 27, 1989.

Robert W. Kellerman, Frankfort, Earl M. Cornett, Hindman, David LeMaster, Paintsville, for appellant.

L. Stanley Chauvin, Jr., Louisville, Robert K. Cullen, Frankfort, for appellee.

Before BEN L. KESSINGER, Special Presiding Judge, and NORMA B. ADAMS and ROBIN GRIFFIN, Special Judges.

NORMA B. ADAMS, Special Judge:

This is an appeal from an Opinion and Judgment entered by the Franklin Circuit Court in a declaratory judgment action in which the Appellant, Judge John Chris Cornett, sought to prohibit the Appellee, Board of Trustees of the Kentucky Judicial Form Retirement System, from deducting from retirement benefits being drawn by him a sum representing benefits which had been previously paid to him during an earlier period of retirement.

Every member of this Court recused himself due to conflict of interest. The Supreme Court of Kentucky appointed this panel for the purpose of determining this appeal.

The facts which are pertinent to reaching a decision in this matter are not in dispute. Judge Cornett began serving as a Circuit Judge on November 29, 1950, and served continuously in that office until January 4, 1970. On that date he began drawing retirement benefits which were calculated un-

der the terms of KRS 21.400(3) [1] inasmuch as he was not 65 at that time.

Judge Cornett returned to the Circuit Court bench on January 5, 1976 and continued to serve in that capacity until January 2, 1984. He did not draw retirement benefits during this period of active service and did make the prescribed contributions to the Judicial Retirement Fund.

On January 2, 1984, Judge Cornett returned to retirement status. The amount of the monthly retirement benefits to be paid to him were recalculated pursuant to KRS 21.400(1) [2] and resulted in a considerable increase inasmuch as the average monthly compensation which he had received for the sixty-month period prior to January 2, 1984, was considerably greater than for the period of service from which earlier retirement benefits had been computed.

The Board deducted from these benefits the "age 65 equivalent" of the previous benefits which had been drawn by Judge Cornett. The recalculated monthly benefit to be paid Judge Cornett beginning in 1984 was $3,712.09. The monthly benefit which was paid to him during the earlier period of retirement was $792.61 for which age 65 equivalent was determined by the Board to be $1,303.97. The Board contends that it is appropriate to deduct this "age 65 equivalent" for a period of time equal to the time that Judge Cornett earlier drew benefits.

The question before this Court is whether the Board has the authority to reduce Judge Cornett's retirement benefits by virtue of his having drawn benefits during an earlier period of retirement. No provision of KRS Chapter 21 directly addresses the recoupment of earlier paid benefits from benefits paid during a second period of retirement.

Judicial review of statutory law requires an examination of the statute as a whole, the purposes for which it was enacted, and other judicial interpretations. *Button, et al. v. Hikes*, 296 Ky. 163, 176 S.W.2d 112 (1943).

An examination of the statutory provisions providing for the Judicial Retirement Plan as a whole indicates that one of the purposes for its creation was the recruitment and retention of qualified and experienced judges. Since judges serve in Kentucky for terms to which they are elected, their return to active service following a period of retirement is an easily forseeable circumstance. If the Legislature had intended that benefits be recouped in that event it could have so provided.

The Court held in *Maybury v. Coyne*, Ky., 312 S.W.2d 455 (1958) that, in the absence of a provision providing for forfeiture of a retirement pension for a public officer or employee upon his return to employment by the entity by which he was previously employed, he may continue to draw the pension during that period of employment. In the matter of *City of Henderson Police and Firemen Pension Board v. Riley*, Ky. App., 674 S.W.2d 27 (1984), the Court held that a widow of a deceased police officer whose pension had been terminated upon her remarriage was entitled to again draw pension benefits upon the dissolution of that remarriage. We agree with the argument of the Appellant that both these cases support his contention that in the absence of statutory

1. This subsection of 21.400 sets out the manner for calculating retirement benefits for a member of the plan who elects to retire prior to his normal retirement date.

2. This subsection of KRS 21.400 provides the formula for calculating the retirement allowance for a member who retires on or after his normal retirement date. This involves the multiplication of his "final compensation" by a percentage then by the number of years of service. "Final compensation" is defined as the average monthly compensation of the member for the sixty months of service immediately preceding his retirement.

authority the Board is prohibited from re-coupment of retirement benefits previously paid. We so find.

In view of the foregoing finding, the other issues which have been raised are moot.

BEN L. KESSINGER, Special Presiding Judge, and ROBIN GRIFFIN, Special Judge, concur.