Dear Executive Director Privett
¶ 0 The Attorney General has received your letter asking for an official opinion addressing, in effect, the following question:
Do the provisions of 20 O.S. 125 (1989), require that alldistrict court secretary-bailiffs become members of the OklahomaPublic Employees Retirement System, effective October 1, 1989?
 I.
¶ 1 The Oklahoma Public Employees Retirement System (OPERS or the State System) is established and provided for pursuant to 74O.S. 901 (1981) et seq., and amendments thereto. That statute provides that the State of Oklahoma must be a "participating employer" in the OPERS program, and as such, is required to make contributions to the State system on behalf of its employees. 74O.S. 910(2) and 74 O.S. 902(25) (1988). Further, "any employee other than a state elected official who is employed by a participating employer . . . shall be a member of the System on the first day of the month immediately following employment." 74O.S. 911(2) (1988). The OPERS statute thus appears to mandate membership in the State System for all state employees.
¶ 2 The Legislature has also expressly authorized counties with populations in excess of three hundred thousand to provide for a retirement fund for "any or all of the employees of such counties." 19 O.S. 951 (1981) et seq. Our understanding is that only Oklahoma County and Tulsa County qualify under the statute and, in fact, have established such county retirement systems. Moreover, Oklahoma and Tulsa are the only counties that are not required to participate in the State System pursuant to 74 O.S.910(1) (1988). Counties with populations of less than 400,000, as of the latest federal census, were required to become "participating employers" in OPERS as of January 1, 1974, and as such were also required to make contributions to the State System on behalf of their employees. 74 O.S. 910(1) and 74 O.S.902(25) (1988).
¶ 3 The statutory change which led to your opinion request was House Bill 1554, 1989 Okla. Sess. Laws, c. 275, p. 821 (hereafter20 O.S. 125 (1989)), effective October 1, 1989. Prior to these amendments, the statute, in pertinent part, provided for the office of bailiff in all counties with populations in excess of thirty thousand, with each bailiff to be appointed by order of the district or associate district judge. 20 O.S. 125(A) (1988). The statute also provided that the salaries of each county bailiff would be paid from the court fund of the county, and that each county bailiff would serve at the pleasure of the judge who appointed him. 20 O.S. 125(A) and 20 O.S. 125(C) (1988).
¶ 4 Legislation creating the position of full-time county bailiff and providing payment of salaries out of county court funds originated in the Act of March 7, 1945, 1945 Okla. Sess. Laws, c. 4a, p. 91.
¶ 5 Prior to the enactment of the 1989 amendments, county bailiffs were treated as county employees for the purposes of OPERS, 74 O.S. 901 (1981) et seq., and the statutes authorizing county retirement systems, 19 O.S. 951 (1981) et seq. Because counties with populations of less than 400,000 were required to participate in the State System pursuant to 74 O.S. 910(1) (1988), county bailiffs who served in such counties were members of the State System even before the passage of the 1989 amendments. However, bailiffs employed by Oklahoma County and Tulsa County were members of those counties' retirement programs, which had been established pursuant to the independent authority vested in those two counties in 19 O.S. 951 (1981) et seq.
¶ 6 The 1989 amendments change prior law in certain respects that are pertinent to your opinion request. The new statute provides for the creation of the office of "secretary-bailiff," as follows:
 In all counties of the state, there is created the office of secretary-bailiff for district judges and associate district judges, with each such secretary-bailiff to be appointed by order of the district judge or associate district judge, to serve at the will of the appointing judge as an unclassified employee of the state exempt from the provisions of the Oklahoma Merit System of Personnel Administration. . . . Each secretary-bailiff shall be paid a salary, pursuant to the salary schedule established by the annual appropriation for the district courts and in accordance with the job description for the position to which appointed. In every county of the state, each district judge and each associate district judge may by order appoint additional necessary court personnel subject to the approval of the Chief Justice.
20 O.S. 125(A) (1989). (Emphasis added).
¶ 7 The amended statute also contains a new section, 20 O.S.125(F) (1989), which states:
 Persons employed by a county that does not meet the requirements of 19 O.S. 951 of the Oklahoma Statutes i.e., counties with populations of less than 300,000, and who serve as full-time secretary-bailiffs or full-time bailiffs shall be eligible to participate in the state retirement system and state insurance programs and any other benefits as are provided to state employees in the unclassified service. All part-time bailiff personnel shall be compensated by the local court fund.
¶ 8 In addition, the amended statute contains a new section G, which provides that the existing "position of full-time bailiff shall be redesignated as the position of secretary-bailiff in accordance with job descriptions, salary schedules and procedures approved by the Chief Justice." This language contemplates that individuals employed as full-time bailiffs prior to the effective date of the amendments, and retained through judicial appointment, as well as individuals hired for that position after that date, will be designated secretary-bailiffs.
¶ 9 The critical issue raised by your opinion request is whether all full-time bailiffs, including those serving in Oklahoma and Tulsa Counties (who are now members of their respective counties' retirement systems) must become members of OPERS effective October 1, 1989.
 II.
¶ 10 New section A of 20 O.S. 125 (1989), states that each secretary-bailiff shall serve at the will of the district or associate district judge as an "unclassified employee of the state." In contrast, new 20 O.S. 125(F) recognizes that secretary-bailiffs retain at least some status as county employees. That section states that "persons employed by acounty that does not meet the requirements of 19 O.S. 951, and who serve as full-time secretary-bailiffs or full-time bailiffs" are eligible to participate in the state retirement system, state insurance programs and other state benefits accorded to state employees in the unclassified service.
¶ 11 In interpreting this statute, we must keep in mind that pension statutes must be given a liberal construction to effect the overall policy objectives of the Legislature. Trifari v.Employees' Retirement System of Providence, 485 A.2d 100 (R.I. 1984); Maybury v. Coyne, 312 S.W. 2d 455 (Ky. 1958); A.G. Opin. No. 85-068.
¶ 12 The Legislature has explicitly set forth the policies underlying both the county and state retirement systems. The statutes establishing the county retirement system, 19 O.S. 951
(1981) et seq., for example, provide:
 The board of county commissioners of any county in the State of Oklahoma having a population of more than three hundred thousand . . . is hereby authorized to provide by resolution for a retirement fund and system for any or all of the employees of such county as delayed compensation in order to encourage continuity of dedicated service on the part of employees, and thereby promote public efficiency, and to provide retirement allowances and other benefits for such employees, their surviving spouses, and surviving children; such fund to be supported by joint contributions by such county and the employees to be benefitted.
(Emphasis added).
¶ 13 Similarly, the OPERS statute provides that the purpose of the State System is to enable state employees to "accumulate deferred income reserves for themselves and their dependents . . . and for the purpose of effecting economy and efficiency in the administration of govern mental affairs." 74 O.S. 901 (1981).
¶ 14 To implement these policy objectives, the Legislature has provided that county employees become entitled to retirement benefits when they have served a certain specified number of years and when they have obtained a certain age. See, 19 O.S.956 (1988). However, a county bailiff who, prior to the effective date of 20 O.S. 125 (1989) had not yet accumulated enough years of county service to qualify for county retirement benefits, could forego any possibility of receiving those benefits if his membership in the county system were extinguished effective October 1, 1989, regardless of his service as a secretary-bailiff following October 1, 1989. Such a construction would violate the clear purposes of the retirement statutes, including the encouragement of the continuity of dedicated service and the promotion of public efficiency.
¶ 15 Given those policy objectives, we do not think that the Legislature intended to deprive bailiffs employed prior to October 1, 1989, in counties with their own retirement systems, of the benefits of continued membership in the county systems after that date. We believe that the Legislature reasonably intended for those bailiffs who were employed by those counties, prior to the effective date of the 1989 amendments, and who are retained as secretary-bailiffs after that date, to continue to participate in the county systems if they desire. Such individuals would be distinguished from secretary-bailiffs initially hired after October 1, 1989, who were not previously employed as full-time bailiffs. The policy objectives underlying the county and state retirement systems would not require that such individuals be given the option of participating in the county retirement systems. Thus, under the amended statute, individuals who are appointed to positions as secretary-bailiffs after October 1, 1989, are considered state employees for all purposes and are required to join OPERS, notwithstanding that the county in which they are employed is authorized to have its own retirement system under 19 O.S. 951 (1989) et seq.
¶ 16 In this regard, it is significant that when the Legislature has enacted statutes authorizing or requiring employees participating in a particular public retirement system to become members of another retirement system, the Legislature has expressly provided that the employee can receive credited service for the time spent in the former system. See, e.g., 19O.S. 215.31(A) (1988) (employees of district attorneys' offices given option of transferring credit for years of county service to OPERS, or withdrawing contributions from county systems); 47O.S. 2-309.1 (1981) (service years accumulated by officers of the OSBI in the OPERS System are transferred to Oklahoma Law Enforcement System (OLERS) after date that officers are required to become members of OLERS); 11 O.S. 50-111.2 (1988) (members of Police Pension and Retirement System may receive credit for service in other retirement systems, including county systems created pursuant to 19 O.S. 951 (1988)).
¶ 17 Given the policy objectives underlying the retirement programs, as well as the Legislature's history of providing credited service when individuals have been authorized or required to switch retirement programs, the Legislature would have been expected to provide bailiffs who were members of county retirement programs with credit for their prior years of service had it intended to mandate their participation in OPERS pursuant to 20 O.S. 125 (1989). Our research has revealed no statutory provision which provides such credit. Accordingly, we find that the Legislature can be presumed to have intended bailiffs in counties covered by county retirement programs established pursuant to 19 O.S. 951 (1981), who were participating in those programs prior to October 1, 1989, to have the option of continuing their participation in the county retirement programs. See e.g., Lancaster v. State ex rel. Harrod, 426 P.2d 714
(Okla. 1967) (court should not presume that legislature has intended to discriminate between different cases of the same kind, but should adopt construction which insures uniform operation of statutory scheme).
¶ 18 It is, therefore, the official opinion of the AttorneyGeneral that:
 1. Individuals employed as full-time bailiffs prior to October 1, 1989, the effective date of 20 O.S. 125 (1989), in counties that have their own retirement systems pursuant to 19 O.S. 951 (1981) et seq., shall have the option of continuing to participate in the county retirement programs after October 1, 1989, if they are appointed and retained as secretary-bailiffs, assuming such individuals participated in the county system prior to October 1, 1989. Such individuals shall not also be required to become members of the Oklahoma Public Employees Retirement System.
 2. Individuals who are appointed to the position ofsecretary-bailiff after the effective date of 20 O.S. 125(1989) (October 1, 1989), who were not serving as bailiffs priorto that date, shall be required to join OPERS, notwithstandingthat the county in which they are employed is authorized to haveits own retirement system under 19 O.S. 951 (1981) et seq.
ROBERT H. HENRY ATTORNEY GENERAL OF OKLAHOMA
ROBERT A. BUTKIN ASSISTANT ATTORNEY GENERAL