Justice ROBINSON,
with whom Justice FLAHERTY joins, dissenting.
After no small amount of reflection concerning this admittedly challenging case, we have concluded that we must respectfully dissent. We are unable to agree with the majority that the Slayer Act requires so broad a reading as to nullify Ms. Tyre’s explicit testimonial intent.
As a general rule of statutory construction, “when the language of a statute is clear and unambiguous, the statute may not be construed or extended but must be applied literally.” Citizens for Preservation of Waterman Lake v. Davis, 420 A.2d 53, 57 (R.I.1980); see also Castelli v. Carcieri, 961 A.2d 277, 285 (R.I.2008) (“It is not the proper role of the judiciary to bestow rights or to take them away.”); Pizza Hut of America, Inc. v. Pastore, 519 A.2d 592 (R.I.1987).
There is no ambiguity in the statute at issue. General Laws 1956 § 33-1.1-2 provides in pertinent part: “Neither the slayer nor any person claiming through him or her shall in any way acquire any property or receive any benefit as the result of the death of the decedent * * The statute forbids two groups from benefitting “as the result of the death of the decedent”: (1) “slayer[s];” and (2) “any person claiming through [a slayer].” Id. (emphasis added). First, the statute does not simply forbid a slayer from receiving a benefit. Instead, it forbids a slayer from receiving a benefit “as the result of the death of the decedent.” See id. (emphasis added). This occurs when a slayer takes under a will or by intestacy. This is simply not the case here. If Jennifer and Jeremy Swain were to take under a will and then transfer property to a slayer, the slayer would not receive that property “as the result of the death of the decedent.” Rather, the slayer would benefit as a result of Jennifer and Jeremy Swain’s disposal of their own property. That is clearly one step removed from the “death of the decedent.”
*295 Second, the beneficiaries in this case (Jennifer Swain and Jeremy Swain) do not fall into either category of prohibited beneficiaries as described in the clear language of § 33-1.1-2. They certainly are not slayers, and neither are they claiming “through” the slayer (their father David Swain). Instead, Ms. Tyre named David Swain’s children as specific beneficiaries in her will. It is noteworthy that the majority opinion concedes as much, expressly noting that “it is clear that plaintiffs are not claiming through the slayer.” (Emphasis added.) The provisions of § 33-1.1-2 simply do not apply.
Although the General Assembly’s mandate that the Slayer Act must be “construed broadly”[22] should certainly be respected, the word “broadly” is by no means a synonym of “limitlessly.” This Court has previously stated that “[i]t is not the function of the Court to add language to an otherwise clear and unambiguous enactment.” See State v. Fuller-Balletta, 996 A.2d 133, 143 (R.I.2010); see also Little v. Conflict of Interest Commission, 121 R.I. 232, 237, 397 A.2d 884, 887 (1979). Moreover, a clause that reflects a legislative intent to apply a statute broadly “is not an invitation to apply [that statute] to new purposes that [the legislature] never intended.” See Reves v. Ernst & Young, 507 U.S. 170, 183, 113 S.Ct. 1163, 122 L.Ed.2d 525 (1993). The majority’s holding creates just such a “new purpose[ ]” by adding to the statute a third category of prohibited beneficiaries — viz., those persons who might opt to use what has by devise or legacy become their own property in a way that would confer a benefit on the slayer. These beneficiaries fall outside the two categories of prohibited beneficiaries named by the General Assembly. Therefore, we believe that the majority’s holding departs from the plain and unambiguous language of § 33-1.1-2.
For these reasons, we respectfully dissent.

. General Laws 1956 § 33-1.1-15 reads: “This chapter shall not be considered penal in nature, but shall be construed broadly in order to effect the policy of this state that no person shall be allowed to profit by his or her own wrong.”