## FRANCESCO NERI *vs.* RHODE ISLAND COMPANY.

JUNE 24, 1919.

PRESENT: Parkhurst, C. J., Sweetland, Vincent, and Rathbun, JJ.

*(1)   Amended pleadings.   Bills of Exceptions.*

Where after demurrer had been sustained to two of three counts of a declaration plaintiff filed an amended declaration on which he went to trial, and a verdict was directed in favor of defendant to which no exception was taken, an exception to the ruling sustaining the demurrer to the original declaration will not be considered, as the original declaration is superseded by the amended declaration.

TRESPASS ON THE CASE for negligence.    Heard on motion to dismiss plaintiff's bill of exceptions and granted.

VINCENT, J.    This case is now before us upon the motion of the defendant to dismiss the plaintiff's bill of exceptions. The original declaration of the plaintiff was in three counts. To the first and second of these counts the defendant demurred and the demurrer was sustained by the Superior Court.    Without proceeding further with his original declaration the plaintiff filed an amended declaration upon which he later went to trial.    By direction of the court the jury returned a verdict for the defendant to which the plaintiff took no exception within the statutory period.

The sole exception now before us is to the ruling of the Superior Court in sustaining the demurrer to the first and second counts of the original declaration.

We think that the motion of the defendant to dismiss the plaintiff's bill of exceptions must be granted.

The law covering the question for consideration is well stated in 31 Cyc. 465, as follows:    "An amended pleading, filed as a substitute for the original pleading, supersedes it and the original pleading ceases to be part of the record, except for the purpose of deciding when the action was in fact commenced, and whether a new cause of action has been introduced.    Therefore, after an amended pleading has been filed the prayer for relief in the original cannot be con-

sidered, and a demurrer to the original pleading does not apply, nor can objection to the action of the court in sustaining or overruling the demurrer be raised on appeal. As long as the amended pleading is recognized by the court, no issue based on the original can be properly submitted to the jury, or considered on appeal."

The plaintiff's bill of exceptions is dismissed and the case is remitted to the Superior Court with direction to enter judgment for the defendant on the verdict as directed.

*Pettine & De Pasquale,* for plaintiff.

*Clifford Whipple, Frederick W. O'Connell,* for defendant.