341 A.2d 720.

PRUDENTIAL INVESTMENT CORPORATION *vs.* FELIX PORCARO.

JULY 9, 1975.

PRESENT: Roberts, C. J., Paolino, Joslin, Kelleher and Doris, JJ.

KELLEHER, J. The defendant Felix Porcaro is before us on his appeal from a judgment entered in the Superior Court affirming the District Court's denial of his motion to vacate a default judgment that was entered against him. Hereinafter, we shall refer to the plaintiff as "Prudential" and the defendant by his last name.

On August 28, 1964, Porcaro and his mother signed a promissory note wherein they agreed to pay Prudential the sum of $2,466.40 in weekly installments for 124 months. The note contained an acceleration clause whereby in case of a default, the remaining balance would become due and payable. The weekly payments stopped in May 1965 and on May 6, 1970, Prudential commenced suit by filing its complaint in the District Court. It appears from an examination of the file compiled in the District Court that two attempts were made to serve Porcaro. The first constable's return is dated September 26, 1972.

On this return the constable states that he made service upon Porcaro and his mother by leaving a copy of the summons and complaint upon Porcaro at "his usual place of business." The second return in the file bears the signature of another constable. It is dated February 15, 1973, and states that the constable served Porcaro by "personally" delivering to him a copy of the summons and complaint. On April 2, 1973, default judgment was entered against Porcaro in the District Court.

Nine months later, in November 1973, Porcaro and his mother[1] filed a motion to vacate the default. The motion contains alternative assertions, one being that the judgment is void because no service was made on Porcaro or his mother. The other claims that the judgment is the result of "mistake, accident, inadvertence, or excusable neglect." Attached to the motion is Porcaro's affidavit of defense. In it Porcaro denies any knowledge of Prudential's suit until October 1973, and he claims that Prudential's failure to serve him within a reasonable time bars its suit against him.

In this jurisdiction the filing of a complaint tolls the

---

[1]The mother was never properly served with process. The service of the complaint upon Porcaro at his usual place of business is not authorized by any of our statutes or regulations governing the service of process.

statute of limitations even though the complaint is filed on the last day of the statute's running. However, this principle is subject to the requirement that once the complaint has been filed, the plaintiff must move with due diligence in seeking to bring the defendant before the court and subjecting him to its jurisdiction. *Caprio* v. *Fanning & Doorley Constr. Co.*, 104 R. I. 197, 243 A.2d 738 (1968); *see also Burns* v. *Hirsch,* 108 R. I. 251, 274 A.2d 421 (1971). Recently in *Sousa* v. *Casey,* 111 R. I. 623, 306 A.2d 186 (1973), we emphasized that service made after the expiration of the applicable statute of limitations is permissible so long as service has been made within a reasonable time subsequent to the filing of the complaint.

Implicit in the trial justice's denial of Porcaro's motion is her rejection of his assertion that he had never been served with process.[2] Consequently the denial is dispositive of that part of the motion which speaks of a void judgment. Having resolved the void judgment aspect of Porcaro's motion, we then search the record for any evidence that would support his assertion that the District Court judgment was the result of such factors as a mistake, inadvertence, or excusable neglect. There is an absolute dearth of such evidence. Porcaro's assertions as to lack of notice go to the question of the void judgment. His reference to Prudential's failure to serve him prior to the expiration of the statute of limitations is relevant only to fulfill his need to assert a meritorious defense. If he had shown one valid reason for his failure to respond to the summons that was served on him, he could then question Prudential's delay in serving him. There is not

---

[2]We have in *Nocera* v. *Lembo,* 111 R. I. 17, 298 A.2d 800 (1973), replaced the common law notion that an officer's return is conclusive as to the recital of his doings, with the view that, while a process server's return imports verity, the presumption of regularity may be overcome by a showing of contrary evidence which is strong and convincing.

a shred of factual evidence that indicates why, once he was served, Porcaro ignored the court's order to answer the complaint issued against him.

A motion to vacate a default judgment is addressed to the judicial discretion of the court and its rulings will not be disturbed on appeal absent a showing of an abuse of discretion or an error of law. *Stevens* v. *Gulf Oil Corp.*, 108 R. I. 209, 274 A.2d 163 (1971); *Bloom* v. *Trudeau*, 107 R. I. 303, 266 A.2d 417 (1970). We see no abuse of discretion or any error of law.

The defendant's appeal is denied and dismissed.

*Albert B. Watt, Jr.*, for plaintiff.

*Richard C. Tallo*, for defendant.