Ronald F. CATONE

v.

**MULTIMEDIA CONCEPTS, INC., et al.**

**No. 82–98–Appeal.**

Supreme Court of Rhode Island.

Nov. 8, 1984.

Thomas A. Tarro III, Rodio, Tarro & Ursillo, Providence, for plaintiff.

John W. Kershaw, Rice Dolan Kiernan & Kershaw, John A. Baglini, Higgins & Slattery, Providence, for defendants.

## OPINION

MURRAY, Justice.

■ The plaintiff, Ronald F. Catone, appeals from two Superior Court orders, one dismissing his action against Corn & Blood, Inc. (Corn & Blood), and a separate order dismissing his action against Multimedia Concepts, Inc. (Multimedia). The order dismissing Multimedia was premised on a lack of jurisdiction and was entered by the Superior Court justice on March 18, 1982. This is a multiparty lawsuit, however, and the plaintiff's action against several codefendants remained pending even after the March 18 order. In order to perfect an appeal from a multiparty suit, there must be entry of a final judgment pursuant to Rule 54(b) of the Superior Court Rules of Civil Procedure.[1] This court will not entertain appeals from interlocutory orders. *Westinghouse Broadcasting Co. v. Dial Media, Inc.*, 122 R.I. 571, 576, 410 A.2d 986, 989 (1980); G.L. 1956 (1969 Reenactment) § 9-24-1, as amended by P.L. 1975, ch. 244, § 1. The March 18 order contains no express determination that there is no just reason for delay, nor does it contain an express direction for the entry of judgment. There being no entry of final judgment as to defendant Multimedia, we remand this portion of the appeal to the Superior Court and afford the trial justice the prerogative of making a Rule 54(b) certification.

The plaintiff's appeal from the order dismissing Corn & Blood is properly before this court.[2] With respect to that appeal, the sole issue before us is whether plaintiff's failure to issue service of process upon Corn & Blood for a period of over one

---

1. Rule 54(b) of the Superior Court Rules of Civil Procedure provides, in part, that "when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties *only upon an express determination that there is no just* reason for delay and upon an express direction for the entry of judgment." (Emphasis added.)

2. The order dismissing Corn & Blood contains an express determination that there are no just reasons for delay and expressly directs the entry of judgment forthwith.

year following the filing of the complaint was unreasonable and unjustified.

The events which gave rise to this cause of action occurred on the afternoon of December 13, 1977 while plaintiff, an employee of the Providence Civic Center, was assisting in the stage setup for a rock concert that was to take place that night. According to the allegations of the complaint, one or more of defendants negligently operated the sound system, causing plaintiff to suffer permanent partial hearing loss. A complaint naming five defendants was filed on December 12, 1980. All defendants except Corn & Blood were promptly issued service of process. On December 16, 1981, Corn & Blood had still not been served with process. On that date counsel for Corn & Blood entered a special appearance for the purpose of filing a motion to dismiss the complaint pursuant to Rule 41(b)(2). The motion was premised on plaintiff's failure to serve Corn & Blood within a reasonable time. Following a hearing on January 14, 1982, Corn & Blood's motion was granted. The plaintiff then filed a timely notice of appeal.

■ The rules governing service of process are set forth in Rule 4 of the Superior Court Rules of Civil Procedure. There is no time limit for issuance of process set forth in that rule, but this court has consistently held that service of process must be effectuated within a reasonable time following the filing of a complaint, unless a plaintiff can demonstrate that a longer delay was excusable. *Simmons v. State,* R.I., 462 A.2d 974 (1983); *Burns v. Hirsch,* 108 R.I. 251, 274 A.2d 421 (1971); *Caprio v. Fanning & Doorley Construction Co.,* 104 R.I. 197, 243 A.2d 738 (1968). An unreasonable delay in procuring service of process constitutes noncompliance with the rules and may serve as a basis for dismissal under Rule 41(b)(2). *Curtis v. Diversi-* *fied Chemicals & Propellants Co.,* R.I., 440 A.2d 747 (1982).

■ In passing upon the question before us, therefore, we consider only whether plaintiff's failure to serve process upon Corn & Blood from December 12, 1980 to January 14, 1982 was unreasonable and inexcusable. If so, the Superior Court justice acted wholly within his allowable discretion in granting Corn & Blood's motion to dismiss.

Counsel for plaintiff contends that the judge below erred in granting the motion because his failure to issue process for thirteen months was justified in light of the complexity of the litigation involved, the large number of defendants, and the fact that Corn & Blood is an out-of-state corporation. We find no merit in any of these contentions, nor can we accept counsel's assertions that Corn & Blood's codefendants somehow concealed Corn & Blood's proper address. The record indicates that counsel's only affirmative step in seeking that address was to propound interrogatories on June 4, 1981. By his own admission, counsel agreed to extensions of time to answer those interrogatories. Although no answers were forthcoming, counsel apparently did not seek the information elsewhere. A motion to compel answers was not made until after Corn & Blood had made its motion to dismiss, more than one year after the complaint had been filed and more than four years after the claim arose.[3] We have searched the record thoroughly and are unable to find any valid reason for plaintiff's failure to serve Corn & Blood within a reasonable time.

As this court emphasized in *Caprio, supra,* the Rules of Civil Procedure must be read in light of the purposes for which they were enacted. Rule 1 states that the rules "shall be construed to secure the just,

---

**3.** The filing of a complaint does, of course, toll the running of the statute of limitations. But this is subject to the requirement that a plaintiff must then move with due diligence in bringing the defendant before the court. *Prudential Investment Corp. v. Porcaro,* 115 R.I. 117, 118–19, 341 A.2d 720, 721 (1975).

speedy, and inexpensive determination of every action." To construe Rule 4(b) as allowing a thirteen month delay in the issuance of process in the instant factual setting would violate this directive.

For the reasons stated, the appeal as to defendant Multimedia Concepts, Inc., is remanded to the Superior Court for further proceedings, including, in the Superior Court justice's discretion, certification pursuant to Rule 54(b). The judgment dismissing the complaint against Corn & Blood, Inc., is affirmed.