Frank SOUZA

v.

ERIE STRAYER CO. et al.

87–382–M.P.

Supreme Court of Rhode Island.

May 15, 1989.

Susan Carlin, Mandell, Famiglietti & Schwartz, Ltd., Providence, for plaintiff.

Michael G. Sarli, Raymond A. LaFazia, Gunning, LaFazia & Gnys, Inc., Thomas C. Plunkett, Kiernan & Plunkett, Providence, for defendants.

OPINION

FAY, Chief Justice.

This case comes before the Supreme Court pursuant to our grant of a writ of certiorari. The defendant, B.T. Equipment Company (B.T. Equipment), seeks review of a Superior Court judgment denying its motion for summary judgment. We affirm the trial justice's decision to deny summary judgment. However, we reverse his finding of due diligence and remand the case for a full determination of this factual issue.

Initially we shall discuss our standard of review following the denial of a motion for summary judgment. Normally we would not review an order denying a motion for summary judgment, because such a determination is clearly interlocutory and not entitled to review by appeal as of right. We issued a writ of certiorari in the instant case, because it involved the statute of limitations and because B.T. Equipment claimed to be entitled to judgment as a matter of law. This is the standard of review that we shall apply. If there is an issue of fact to be determined, then clearly the trial justice was correct in denying the motion for summary judgment. *Lennon v. MacGregor*, 423 A.2d 820 (R.I.1980); *Ludwig v. Kowal*, 419 A.2d 297 (R.I.1980). In the case at bar, B.T. Equipment Company can only prevail in the event that no genuine issue of material fact was presented and that it was entitled to judgment based upon the statute of limitations or upon failure of timely service as a matter of law. Mindful of our standard of review, the pertinent facts are as follows.

On December 31, 1981, plaintiff, Frank Souza (Souza), was an employee of Gilbane Building Company. Souza was working at a construction site when a concrete bucket, suspended by a crane, fell and injured him.

Souza collected workers' compensation benefits from his employer's insurance company. On December 20, 1984, he filed a complaint against Erie Strayer Company as the manufacturer of the concrete bucket and against "John Doe Corporation" as the unknown company that manufactured, distributed, marketed, and sold concrete buckets.[1]

Souza's attorney discovered, sometime between December 20, 1984, and May 16, 1985, that the identity of the John Doe Corporation was B.T. Equipment. Thereafter, Souza filed an amended complaint naming B. T. Equipment and other parties as defendants, pursuant to G.L.1956 (1985 Reenactment) § 9–5–20. The amended complaint alleged that B.T. Equipment had distributed, marketed, rented, and/or sold the concrete bucket that had injured Souza. B.T. Equipment was later served with process on May 16, 1985.

B.T. Equipment moved for summary judgment under Super. R. Civ. P. 56(b), asserting that plaintiff's action was barred pursuant to the applicable statute of limitations.[2] B.T. Equipment argued that Souza's original complaint naming John Doe Corporation failed to toll the statute of limitations against B.T. Equipment; therefore, the amended complaint did not relate back to the date of the filing of the original complaint. In denying B.T. Equipment's motion, the trial justice found that B.T. Equipment was properly listed as a John Doe defendant and was served with due diligence. The trial justice also determined that the description of the John Doe Corporation in the original complaint sufficiently described B.T. Equipment. Therefore, the statute of limitations was effectively tolled when Souza filed the original complaint.

In order to determine whether § 9–5–20 is applicable, we must examine the legislative intent in enacting the statute. We indicated in *Sousa v. Casey*, 111 R.I. 623, 306 A.2d 186 (1973), that the object of § 9–5–20 is to provide a plaintiff with an opportunity to toll the applicable statute of limitations against a fictitiously named defendant upon the filing of a complaint. "[T]he filing of a complaint tolls the statute of limitations even [if it] is filed on the last day of the statute's running." *Prudential Investment Corp. v. Porcaro*, 115 R.I. 117, 118–19, 341 A.2d 720, 721 (1975) (citing *Caprio v. Fanning & Doorley Construction Co.*, 104 R.I.197, 243 A.2d 738 (1968)). Once a complaint is filed, however, § 9–5–20 further provides that "the summons and other process" must be served with due diligence in order to bring a defendant before the court and subject him to its jurisdiction. 115 R.I. at 118–19, 341 A.2d at 721. Due diligence does not require that service upon a defendant be made within the applicable statute of limitations. Rather, service must be made within a reasonable time subsequent to the filing of a complaint, absent a showing of excusable delay. *Id.* at 119, 341 A.2d at 721; *Sousa*, 111 R.I. at 633, 306 A.2d at 192; *Caprio*, 104 R.I. at 199–200, 243 A.2d at 740.[3]

In construing § 9–5–20, we have recognized that an amended complaint may be filed after the applicable statute of limita-

---

1. General Laws 1956 (1985 Reenactment) § 9–5–20 provides:
   "Writs and other process against unknown defendant.—Whenever the name of any defendant or respondent is not known to the plaintiff, the summons and other process may issue against him by a fictitious name, or by such description as the plaintiff or complainant may select; and if duly served, it shall not be abated for that cause, but may be amended with or without terms as the court may order."

2. The statute of limitations is found in G.L.1956 (1985 Reenactment) § 9–1–14(b) and provides:
   "Limitation of actions for words spoken or personal injuries.—

   \* \* \* \* \* \*
   Actions for injuries to the person shall be commenced and sued within three (3) years next after the cause of action shall accrue, and not after."

3. The Federal District Court of Rhode Island has specifically stated in *Westfall v. Whittaker, Clark & Daniels, Metropolitan Talc Co.*, 571 F.Supp. 304, 315 (D.R.I.1983), that what constitutes a reasonable time for a defendant to be served "under Rule 4 of the Rhode Island Superior Court Rules of Civil Procedure, is not necessarily the same as a 'reasonable time' within which an unknown defendant should be served pursuant to § 9–5–20."

tions has run. *Sousa,* 111 R.I. at 633, 306 A.2d at 192. Moreover, if a plaintiff substitutes the name of a specifically identified defendant for a fictitiously named defendant in an amended complaint, then the amendment may relate back to the date of the filing of the original complaint for purposes of the statute of limitations. *Id.*

The filing of a complaint, however, does not excuse or circumvent, neither before nor after the applicable statute of limitations has run, the requirement that a plaintiff must exercise due diligence in serving a defendant within a reasonable time after the complaint is filed. If a plaintiff fails to effectuate service of process within a reasonable time after the complaint has been filed, upon a defendant's motion the court may exercise its discretion and dismiss the action. *Caprio,* 104 R.I. at 200, 243 A.2d at 741; Super. R. Civ. P. 41(b)(2).

As previously stated, the underlying purpose of § 9–5–20 is to provide a plaintiff with a mechanism to toll the applicable statute of limitations against a fictitiously named defendant. In construing a statute, we adhere to the basic proposition of establishing and effectuating legislative intent. *Valley Resources, Inc. v. South County Gas Co.,* 486 A.2d 1076, 1078 n. 4 (R.I. 1985); *Howard Union of Teachers v. State,* 478 A.2d 563, 565 (R.I.1984). We shall not interpret a statute to achieve a meaningless and/or absurd result. We stated that "the legislature could never be presumed to have intended to enact laws which are absurd, unjust or unreasonable." *Wilkinson v. Harrington,* 104 R.I. 224, 239, 243 A.2d 745, 753 (1968) (citing *State v. Haggerty,* 89 R.I. 158, 151 A.2d 382 (1959)). *See also State v. Jordan,* 528 A.2d 731, 734 (R.I.1987); *Trembley v. City of Central Falls,* 480 A.2d 1359, 1363 (R.I. 1984).

Applying the above principles to the instant case, it is necessary to examine the relevant dates. On December 31, 1981, Souza suffered injuries. He filed the original complaint against known and unknown defendants on December 20, 1984, pursuant to the provisions of § 9–5–20. The original complaint alleged that Souza was

unaware of the names and identities of the manufacturer, distributor, and seller of the concrete bucket. The complaint was filed within the three-year statute of limitations, which expired on December 31, 1984. Thereafter, Souza learned the identity of B.T. Equipment and served it with a summons and an amended complaint on May 16, 1985. Although Souza argued that he duly served B.T. Equipment, contradictory evidence was presented regarding whether service of process was made within a reasonable time subsequent to the filing of the original complaint. Because of the time that elapsed between the filing of the original complaint and actual service upon B.T. Equipment, we find that a material question of fact exists regarding effective service of process as required by § 9–5–20.

Relying on the foregoing, we hold that the trial justice did not commit an error of law in denying the defendant's motion for summary judgment. However, the trial justice committed reversible error in finding that B.T. Equipment was served with due diligence without an evidentiary hearing. We therefore remand this case for a factual determination of whether B.T. Equipment was duly served pursuant to § 9–5–20.

For the reasons stated, the decision of the trial justice is hereby affirmed in part and reversed in part. The writ of certiorari is quashed. This case is remanded to the Superior Court for further proceedings consistent with this opinion.

SHEA, J., did not participate.