**Edna GROSSI, Administratrix,**

v.

**The MIRIAM HOSPITAL et al.**

**No. 95–0532–Appeal.**

Supreme Court of Rhode Island.

Feb. 19, 1997.

Vincent D. Morgera, Kathleen Golini, Providence, for plaintiff.

David W. Carroll, Seth Bowerman, Robert P. Landau, Richard H. Burrows, Alan R. Tate, Providence, for defendant.

Before WEISBERGER, C.J., and LEDERBERG and BOURCIER, JJ.

**OPINION**

PER CURIAM.

This case came before a panel of the Supreme Court for oral argument on December 17, 1996, pursuant to an order directing counsel to appear and show cause why the appeal should not be summarily decided. Counsel have submitted memoranda, and after having heard argument, we conclude that cause has not been shown and that the plaintiff's appeal will be decided at this time.

The plaintiff, Edna Grossi, has appealed from a final judgment granting summary judgment in favor of John Lonks, M.D., one of the defendants named in plaintiff's medical malpractice civil action pending in the Superior Court. That final judgment was entered pursuant to Rule 54(b) of the Superior Court Rules of Civil Procedure.

The plaintiff's action for medical malpractice arises out of the death of her late husband on July 29, 1990, after having been treated in the Miriam Hospital Emergency Room. The plaintiff timely filed her civil action in the Superior Court on July 27, 1993, two days prior to the running of the statute

of limitations applicable to the cause of action. In it, she named as defendants, the Miriam Hospital Emergency Room (emergency room), Harvard Community Health Plan of New England, Inc., and John Doe. The day following the filing of her civil action, she, for the first time, requested her late husband's medical records from the defendant emergency room, presumably to learn the identity of medical personnel there who might have treated her late husband and to substitute that person for that of defendant designated as John Doe in her civil action. Some two and one-half months later, plaintiff did amend her complaint, but not as to the John Doe defendant but only to substitute the Miriam Hospital in place of the defendant Miriam Hospital Emergency Room. Some eight months later, on May 2, 1994, plaintiff filed a second amended complaint in which she substituted John Lonks, M.D. (Dr. Lonks), in place of the formerly designated defendant John Doe. Doctor Lonks was served on that same day, May 2, 1994, and he answered and responded by filing a motion for summary judgment, claiming that plaintiff's action against him was time barred. In resisting summary judgment, plaintiff asserted that her action against Dr. Lonks was not time barred because the John Doe defendant designation in her complaint tolled the running of the statute of limitations against Dr. Lonks, who was substituted in place of the named John Doe defendant. She also alleged that the ten-month delay in substituting him as a defendant in place of the John Doe named in her timely filed complaint was because his signature was so illegible that she could not identify it from the medical records. She asserted that she had been diligent in attempting to discern his identity, and after learning same, she acted diligently in naming him as the John Doe in her second amended complaint and served him with process on that same day.

■ General Laws 1956 § 9–5–20 permits a plaintiff to toll an applicable statute of limitations against a known but then unidentifiable defendant at the time of the filing of a civil action by designating that unidentified defendant by means of a fictitious name, such as John Doe. However, once having used a fictitious name in place of an unidentified defendant, § 9–5–20 does not permit a plaintiff then to give up the search for the identity of the real defendant. A "due diligence" obligation is imposed upon the plaintiff in order to bring the real defendant into the litigation and to subject that defendant to the jurisdiction of the particular court by proper reasonable notice and diligent service. *Souza v. Erie Strayer Co.*, 557 A.2d 1226, 1227 (R.I.1989). *See also Prudential Investment Corp. v. Porcaro*, 115 R.I. 117, 118–19, 341 A.2d 720, 721 (1975).

■ We should point out that G.L.1956 § 9–1–14.1(b) is not pertinent to our resolution of the issue before us. That tolling provision statute, applicable to medical malpractice claims, assists a plaintiff who is unable in the exercise of reasonable diligence to discover an injury due to medical malpractice. In this case the injury was known to plaintiff. She merely claims that she did not know the identity of the medical doctor who might have treated her late husband. In this case fact setting, Super.R.Civ.P.15(c) would not be available to assist her because she could not show the necessary requirements of the rule. *Dionne v. Baute*, 589 A.2d 833, 834–35 (R.I.1991). In the posture of the case setting as it comes before us, we are asked to review the trial justice's decision in granting summary judgment in favor of the previously named John Doe medical doctor. The trial justice, in granting summary judgment, stated:

"I find that under the circumstances, there was clearly an obligation to show that due diligence was indeed followed here. This is a situation where I have looked myself at these records appended to the filings, and I frankly find that those records were available to the plaintiff at the time of her husband's death, clearly were available to her within the first three years following his death. In fact, she did not obtain them in and around the three-year date after filing suit or before filing suit, requested them in July of '93. Those records included the name, and it would seem to me that as a matter of law, due diligence was not followed here, or not only would Lonks

have been named earlier, but he would have been served earlier."

█ The issue presented to the trial justice by the motion and the supporting documents was whether the plaintiff here acted with reasonable diligence in ascertaining the identity and whereabouts of Dr. Lonks. That issue was one of *fact*, not of *law*. *Hall v. Insurance Company of North America*, 666 A.2d 805 (R.I.1995); *Souza v. Erie Strayer Co.*, 557 A.2d 1226 (R.I.1989); *but see Dionne v. Baute*, 589 A.2d 833 (R.I.1991). That being so, the defendant Dr. Lonks was not entitled to summary judgment as a matter of law. *Nichola v. John Hancock Mutual Life Insurance Co.*, 471 A.2d 945 (R.I. 1984).

The plaintiff's appeal is sustained, the judgment appealed from is vacated, and the papers in the case are remanded to the Superior Court.

WEISBERGER, C.J., and LEDERBERG and BOUCIER, JJ., concur.

FLANDERS, J., did not participate.