DECISION
This matter was heard by the Court sitting without a jury in April 1998. John Lonks, M.D. (defendant Lonks) seeks dismissal of plaintiff Edna Grossi's (plaintiff) action against him alleging that the plaintiff failed to exercise due diligence in identifying and in effectuating service of process on him. Jurisdiction is pursuant to G.L. 1956 § 8-2-14.
Facts/Travel
On July 28, 1990, Joseph Grossi was admitted to defendant Miriam Hospital. He was released in the early morning hours of July 29, 1990, and returned to Miriam Hospital a few hours later where he died. In late July 1993, Edna Grossi, wife of the decedent Joseph Grossi and Administratrix for his estate, presented her attorney with a partial set of medical records from Miriam Hospital. The plaintiff's attorney was unable to discern the name of the emergency room treating physician from these records, and contacted the personnel office of Miriam Hospital to ask whether the hospital employed a physician by the name of "Lords" or "Lands," guessing at these names because of difficulty reading the physician's signature on the medical records. The personnel office replied that no one by those names worked at Miriam Hospital. The plaintiff filed the instant wrongful death medical malpractice action on July 27, 1993 listing the defendants as The Miriam Hospital Emergency Room, Harvard Community Heath Plan of New England, Inc., and John Doe, not knowing the name of the emergency room physician.
The next day, July 28, 1993, the plaintiff sought and received additional emergency room records. However, the plaintiff requested neither the intensive care records nor the x-ray or laboratory reports which listed the name "Dr. Lonks" in typewritten form as Joseph Grossi's doctor.
Subsequently, Miriam Hospital Emergency Room filed a motion to dismiss arguing that it was not an entity subject to suit resulting in the plaintiff amending her complaint on September 30, 1993 to name "The Miriam Hospital" instead of "The Miriam Hospital Emergency Room" as a defendant. Defendant Miriam Hospital then filed a motion to dismiss on statute of limitations grounds which motion was denied on February 2, 1994. On February 8, 1994, the plaintiff propounded interrogatories to defendant Miriam Hospital which sought to ascertain the identity of the treating emergency room physician. The plaintiff filed a motion to compel answers to the interrogatories on March 28, 1994. On April 8, 1994 defendant Miriam Hospital was given additional time to answer the interrogatories. In early April, the plaintiff's attorney talked with defendant Miriam Hospital's attorney who told the plaintiffs attorney that John Lonks was the treating emergency room physician. The plaintiff then filed a second amended complaint specifically naming defendant John Lonks and made service of process upon him on May 2, 1994.
On January 31, 1995, Judge Vogel heard oral argument on defendant Lonks's motion for summary judgment which was granted, finding as a matter of law that the plaintiff did not use due diligence in determining the identity of defendant Lonks and in serving process upon him. On appeal, the Rhode Island Supreme Court reversed. Grossi v. Miriam Hosp., 689 A.2d 403 (R.I. 1997). The Supreme Court ruled that summary judgment was not appropriate because a determination as to whether a plaintiff acted with due diligence in learning the identity and serving process on a defendant is a question of fact, not law. The Supreme Court remanded the case to the Superior Court
The instant matter was before this Court in April 1998 for a evidentiary hearing on whether the plaintiff exercised due diligence in ascertaining the identity of defendant Lonks and in serving process upon him. The parties agreed that in lieu of testimonial evidence, the parties' exhibits and memoranda would comprise the evidentiary record, and the Court heard oral argument on the issue.
Due Diligence
Defendant Lonks argues that the plaintiff's action against him should be dismissed pursuant to Super. Ct. R. Civ. P. 41(b)(2) because the plaintiff did not use due diligence in identifying him and in serving process on him; i.e., that the plaintiff failed to act diligently in requesting all of the medical records, initiating discovery, and in communicating with opposing counsel in order to ascertain the identity of Lonks. Defendant Lonks further argues that previous motions to dismiss did not preclude the plaintiff from commencing discovery through depositions and subpoenas to determine Lonks's identity. Lonks urges that under the instant factual circumstances a delay of over nine months in identifying Lonks and serving process on him is unreasonable, warranting dismissal of the plaintiff's case.
The plaintiff responds that she made repeated attempts to identify defendant Lonks noting that she both called Miriam Hospital and submitted interrogatories to Miriam Hospital and also called Miriam Hospital's attorney. The plaintiff argues that she was not required to use other methods to identify defendant Lonks, but simply, diligently attempt to determine his identity and that her actions constituted due diligence in her search for defendant Lonks' name.
In a civil action, a plaintiff may toll the applicable statute of limitations by designating a fictitious name (such as "John Doe") for an unidentified defendant. § 9-5-20. However, under 9-5-20 "[a] 'due diligence' obligation is imposed upon the plaintiff in order to bring the real defendant into the litigation and to subject that defendant to the jurisdiction of the court by proper reasonable notice and diligent service."Grossi v. Miriam Hosp., 689 A.2d 403, 404 (R.I. 1997). "Due Diligence" is defined as:
 "such a measure of prudence, activity, or assiduity, as is properly to be expected from and ordinarily exercised by, a reasonable and prudent man under the particular circumstances; not measured by any absolute standard, but depending on the relative facts of the special case." Black's Law Dictionary,
4th Edition.
As the above definition indicates, the court's inquiry is very fact specific in determining whether the plaintiff exercised reasonable diligence in learning the name and location of the defendant. Grossi, 689 A.2d at 404. Even with actions filed pursuant to § 9-5-20, the plaintiff must still "effectuate service of process within a reasonable time after the complaint has been filed" absent excusable delay. Souza v. Erie StrayerCo., 557 A.2d 1226, 1227-1228 (R.I. 1989). Service of process within a reasonable time is included within the plaintiffs obligation to act with "due diligence." Id.; see also Sousa v.Casey, 111 R.I. 623, 633, 306 A.2d 186 (1973).
Service of process on an unknown defendant may "justify somewhat greater delay than otherwise" permitted for known defendants. Westfall v. Waittaker, Clark Daniels, 571 F. Supp. 304, 315 (D. R.I. 1983). However, cases which have explained the reasonable time parameters for service of process of known defendants are instructive in determining what constitutes due diligence in identifying and serving process on unknown defendants. See Curtis v. Diversified Chemicals. Etc.,440 A.2d 747, 748 (R.I. 1982) (the complaint listed seven "John Does" as well as several known defendants, and the court included the unknown "John Doe" defendants in its analysis as to what constituted service within a reasonable time). In Curtis, the court found that a delay of four to seven months in effectuating service of process was unreasonable. In Catone v. MultimediaConcepts Inc., 483 A.2d 1081 (R.I. 1984), the court found that the plaintiff had not served an out-of-state defendant corporation within a reasonable time, even though the plaintiff had difficulty determining the address of the corporation. The court in Catone found that the plaintiffs attempt to ascertain the address of the defendant by propounding interrogatories (approximately six months after filing the complaint) did not excuse the defendant's delay of 13 months for service of process. Id. at 1083. The filing of interrogatories was the only effort made at determining the address in Catone.
In the instant case, the plaintiff's attorney who is also a nurse, made only one attempt in the six month period after filing the complaint to ascertain the identity of the treating emergency room physician. In late July 1993, the plaintiff called Miriam Hospital's personnel office and guessed names which were not employees of Miriam Hospital. After this attempt, the plaintiff did not make any effort to learn defendant Lonks's identity until propounding interrogatories on February 2, 1994. This Court finds that the plaintiff did not use due diligence in attempting to identify and serve process on defendant Lonks in that she did not employ reasonable methods to determine defendant Lonks' identity, as required under the due diligence standard. Defendant Lonks was part of a known identifiable group — emergency room physicians on duty that day. The one action taken by the plaintiff constituted mere guesswork rather than a diligent effort to identify defendant Lonks. The plaintiff had the authority to issue subpoenas, conduct depositions, and submit interrogatories at an earlier date and could have brought the records which contained defendant Lonks' signature to Miriam Hospital for personal identification by hospital staff. All of the above methods would have been reasonable means for the plaintiff to ascertain the identity of a defendant resulting in service of process within a reasonable time. The factual circumstances clearly indicate that the plaintiff did not have a valid reason for not serving process on defendant Lonks until approximately nine months after filing the complaint.
The plaintiff argues that she was not required to use other available methods and that her efforts were diligent. Although our Supreme Court has not established clear directives on what a plaintiff must do in satisfying due diligence, the Supreme Court has allowed the trial court to exercise its discretion in dismissing an action if the trial court finds under the specific facts of the case that the plaintiff has not used due diligence in identifying the defendant and has not served the defendant within a reasonable time. Souza, 557 A.2d at 1228. Some jurisdictions require the exhaustion of all reasonable efforts in order to satisfy the due diligence standard. See United Nat. Bankv. Searles, 331 N.W.2d 288, 292 (S.D. 1983); Kintigh v. Elliott,570 P.2d 659, 662 (Or. 1977). Other jurisdictions require only that some effort is made, as long as that effort is deemed reasonable by the court. See Martin v. Meier, 760 P.2d 925, 930 (Wash. 1988); Collins v. Collins, 116 S.E.2d 839, 842 (S.C. 1960). Under either analytical framework, this Court finds that the plaintiff did not make a reasonable effort to identify defendant Lonks in the six month period immediately after the filing of the complaint. The plaintiff could have employed many other reasonable methods to identify defendant Lonks. The one action taken by the plaintiff was unreasonable because it involved merely guessing the name of the unknown defendant — an action which had a low probability of success.
Further, service of process on defendant Lonks was not effectuated within a reasonable time. This court may dismiss an action involving a John Doe defendant when service of process has not been effectuated within a reasonable time. Curtis, 440 A.2d at 748-749. The six month delay in making a reasonable effort to identify defendant Lonks and the nine month delay in serving process on Lonks are time delays which warrant dismissal of the action. This Court finds that these delays were unreasonable and inexcusable, and plaintiff did not use due diligence in determining the identity of defendant Lonks.
Accordingly, pursuant to Super. Ct. R. Civ . . P. 41(b)(2), this Court dismisses the plaintiffs action against defendant John Lonks, M.D. for the failure of the plaintiff to comply with Superior Ct. R. Civ. P. 4 which contains an implied requirement to serve process on a defendant within a reasonable time and use due diligence in identifying an unknown defendant, as indicated by § 9-5-20.
Counsel shall prepare the appropriate judgment for entry.