Charles E. HALL, Sr.

v.

The INSURANCE COMPANY OF NORTH AMERICA et al.

No. 97–483–Appeal.

Supreme Court of Rhode Island.

March 22, 1999.

Lauren E. Jones, Providence, Forrest C. Crooks, Pawtucket, for Plaintiff.

David Joseph Szerlag, Providence, for Defendant.

Before WEISBERGER, C.J., and LEDERBERG, BOURCIER, FLANDERS, and GOLDBERG, JJ.

# OPINION

PER CURIAM.

This case came before the Court pursuant to an order directing the parties to appear and show cause why the issues raised in the plaintiffs appeal from a final judgment entered in the Superior Court in favor of the defendant, Robinson Green Beretta Corporation, should not be summarily decided.

After hearing the arguments of counsel and considering the memoranda submitted by the parties, we are of the opinion that cause has not been shown. The issues raised in this appeal will be decided at this time.

On November 6, 1984, plaintiff, Charles E. Hall (Hall), a police officer, fell in a stairwell at the East Providence police station. On October 16, 1987, Hall filed a civil action for negligence in the Superior Court against DeStefano Building Co. and a John Doe Corporation. On May 9, 1989 Hall amended his complaint by adding Insurance Company of North America in place of the previously designated "John Doe" defendant. The amended complaint did not include any "John Doe" designated defendants. In August of 1991, three years and nine months after the limitation period on his claim had expired, Hall, once again, amended his complaint this time to name and include Robinson Green Berretta Corporation (RGB) as a party defendant.

A Superior Court motion justice thereafter granted summary judgment in favor of RGB holding in part that Hall's failure to avail himself of the provisions of G.L.1956 § 9–5–20 (permitting the naming of "John Doe" defendants) precluded RGB from being joined in Hall's second amended complaint. On appeal we reversed in *Hall v. Insurance Company of North America,* 666 A.2d 805 (R.I.1995) (*Hall I*) and found that Hall's failure to include a "John Doe" defendant in his first amended complaint "did not completely cut off" Hall's joining of RGB in Hall's second amended complaint. The question of whether due diligence had been exercised by Hall in joining RGB as a party defendant was not determined. Because the motion justice in *Hall I* had failed to make any finding in respect to due diligence on the part of Hall, we remanded the case for a determination of that issue. Following that evidentiary hearing on remand, the Superior Court trial justice concluded that Hall had not in fact exercised due diligence and summary judgment was again entered in favor of RGB on the ground that Hall's action against RGB was untimely and time barred. Hall now again appeals from that grant of summary judgment.

■ Hall now contends that the question of whether he had exercised due diligence was a question of material fact that should have been determined on remand by a trial jury and not by the trial justice. We conclude, however, that he misconstrues the intent and purpose of our earlier order in *Hall I* as well as our case law on this subject.

In the earlier *Hall I* order, we said with regard to the question of whether due diligence had been exercised by Hall:

"We believe that it is a question of fact to determine whether due diligence was exercised. It is, of course, impossible to determine a question of fact on a motion for summary judgment. *This question of fact should be determined by a justice of the Superior Court as a preliminary issue preceding the determination of whether the statute of limitations had run prior to the addition of this defendant.*" 666 A.2d at 806. (Emphasis added.)

■ Later, in *Grossi v. Miriam Hosp.,* 689 A.2d 403 (R.I.1997), we were presented with a situation somewhat similar to the case at bar. In *Grossi,* the issue presented to the motion justice by the summary judgment motion and the supporting documents was whether the plaintiff had acted with reasonable diligence in ascertaining the identity and whereabouts of Dr. Lonks. *Grossi,* 689 A.2d at 405. Relying upon our earlier order in *Hall I,* we simply explained that "[t]hat issue was one of *fact,* not of *law.* * * * That being so, the defendant Dr. Lonks[, who was not a Rhode Island resident at the time the plaintiff's action commenced,] was not enti-

tled to summary judgment as a matter of law." *Id.* In no way did we indicate, however, in either *Hall I* or *Grossi,* that a jury must make this due-diligence determination rather than the trial justice. Where the facts concerning whether due diligence has been exercised suggests of only one reasonable inference, that issue may become a matter of law. *See, e.g., Kennedy v. Providence Hockey Club, Inc.,* 119 R.I. 70, 77, 376 A.2d 329, 333 (1977).

We decided *Grossi* on the basis of the particular facts present in that case. The facts in *Grossi* did not permit of only one reasonable inference to be drawn with regard to whether *Grossi* had exercised due diligence in ascertaining the existence and whereabouts of Dr. Lonks. Due diligence, like negligence, is often a mixed question of law and fact. *DeNardo v. Fairmount Foundries Cranston, Inc.,* 121 R.I. 440, 447, 399 A.2d 1229, 1233 (1979). Therefore, as in *Hall I,* a Superior Court justice should resolve this factual question "as a preliminary issue preceding the determination of whether the statute of limitations had run prior to the addition of this defendant." *Hall I,* 666 A.2d at 806. In this case, it was not clear to us that a sufficient finding regarding Hall's due diligence had actually been made. Because we were inclined to believe that the record facts before us suggested that only one reasonable inference could be drawn concerning the issue of Hall's due diligence in ascertaining the involvement of RGB in the construction of the building in which Hall fell, we remanded for purposes of having the motion justice make that initial finding concerning Hall's due diligence.

Thus, *Hall I* and *Grossi* establish that it is at times proper for a motion or trial justice to determine "as a preliminary issue" whether a plaintiff has acted with due diligence in discovering the identity of a previously unknown defendant and in joining that defendant as a party, and the court may do so in a separate, evidentiary proceeding preliminary to a consideration of a summary judgment motion.

Our Rule 15 of the Superior Court Rules of Civil Procedure (governing the amendment of pleadings) is virtually identical to its federal analogue, Rule 15 of the Federal Rules of Civil Procedure. We have repeatedly stated that federal-court interpretations of a procedural rule that is substantially similar to one of our own state rules of civil procedure should serve as a guide to the construction of our own rule. *See, e.g., Smith v. Johns-Manville Corp.,* 489 A.2d 336, 339 (R.I.1985). Our Rule 15, like its Federal counterpart, permits an amendment to relate back only where there has been an error made concerning the identity of the proper party and as here, where RGB would be chargeable with knowledge of the mistake. The rule was not intended to "permit relation back where * * * *there is a lack of knowledge of the proper party.*" *Wilson v. United States Government,* 23 F.3d 559, 563 (1st Cir.1994) (quoting *Wood v. Worachek,* 618 F.2d 1225, 1229 (7th Cir.1980)). *See also Jacobsen v. Osborne,* 133 F.3d 315, 320–22 (5th Cir.1998); *Bloesser v. Office Depot, Inc.,* 158 F.R.D. 168 (D.Kan.1994).

In *Wilson,* the First Circuit Court noted that Rule 15(c)(3) (which is virtually identical to our Rule 15(c)):

"permits an amendment to relate back only where there has been an error made concerning the identity of the proper party and where that party is chargeable with knowledge of the mistake, but it does not permit relation back where, as here, *there is a lack of knowledge of the proper party.*" 23 F.3d at 563 (quoting *Wood,* 618 F.2d at 1230).

Thus, we perceive in a case such as that now before us, where Hall had added RGB as a new party to his pending case and where RGB moved for summary judgment to challenge the amended complaint based upon statute of limitation grounds, that a two-step procedure may be employed by the hearing justice. Prior to making any final ruling on the motion for summary judgment, the hearing justice may first, as a preliminary *factual* matter, determine whether the plaintiff, prior to adding the new defendant to his action by amending the complaint, had acted with due diligence in discovering the identity of the previously unknown defendant. The question of whether a statute of limitations has run against a plaintiff's claim is, of course, a

question of law, but in deciding that question of law, it is often necessary for the motion or trial justice to first find preliminary facts before deciding a question of law. If the hearing justice should find that due diligence had not been exercised, that finding, in itself, can serve as sufficient basis upon which to deny relation back of the amended complaint and to later grant summary judgment as a matter of law in favor of the newly added party. If, on the other hand, the hearing justice should find that the facts suggest that due diligence had been exercised in discovering the identity of the previously unknown defendant (or as John Doe designated defendant), the hearing justice, must then before upholding the amended complaint and permitting its relation back to the date of the filing of the original complaint, take up and determine two additional factors when passing upon the motion for summary judgment. Those two factors set out in Rules 15 and 4 of the Superior Court Rules of Civil Procedure would be (1) whether within 120 days after the commencement of the plaintiff's action the added party had received such notice of the filing of the action so as not to have been prejudiced in maintaining a defense on the merits, (2) whether within that 120 day period the party knew or should have known that but for the plaintiff's mistake concerning his or her identity, he or she would have been named a party in the original complaint.

In this case, upon our remand to the motion justice for his determination of the preliminary due diligence factual issue, he found:

"This Court concludes * * * that the word 'diligent' cannot be used to describe the efforts of this plaintiff after commencing suit with the identification of a John Doe to learn the identity of that John Doe. 'Feeble' is more apt. * * * The plaintiff can't pretend to suggest to the Court that there was no architect on the job. He can't pretend to claim that the engagement of that architect was not a matter of public record. He can't contend to the Court that something was wrong or missing in the records of City Hall as a result of the signal from the city solicitor. He certainly can't pretend to be ignorant of the fact that there had to be disclosure in the public media of the dedication of the newly-renovated police department. * * * Even the simplest site visit by the plaintiff or a representative of the plaintiff to the place where the plaintiff claims to have been injured would have brought the plaintiff or his representative into plain view of the dedicatory plaque. And the plaintiff's search would have been at an end."

In light of that clear finding, the motion justice then properly proceeded to consider and grant the defendant's summary judgment motion. It is clear from his decision that the evidence Hall presented to him at the remand hearing utterly failed to show that Hall had exercised any reasonable degree of due diligence in attempting to learn of the participation of RGB in the design of the stairwell in question for a period in excess of three years after the statute of limitations on his claim against RGB had already expired. Our review of the record reveals no basis for us to conclude that the Superior Court erred in making that preliminary factual determination and in then granting RGB's motion for summary judgment.

Accordingly, for all the foregoing reasons, the appeal is denied and dismissed. The final judgment appealed from is affirmed. The papers in this case are remanded to the Superior Court.