[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] DECISION
Pursuant to Rule 56 of the Superior Court Rules of Civil Procedure, this matter comes before the Court on two motions for summary judgment filed by Defendants Columbus McKinnon and Mediq/PRN respectively (collectively "Defendants"). The Defendants argue that the claims levied against them by the Plaintiff are time-barred because the Plaintiff failed to add or substitute them as the appropriate parties within the statute of limitations applicable to personal injury actions. For the reasons set forth below, the Defendants' motions for summary judgment are granted.
 Facts and Travel
On March 3, 2000, Delight West ("Plaintiff") injured her back while operating a patient lift in the course of her employment as a registered nurse at Kent County Memorial Hospital ("KCMH"). The injury occurred when the Plaintiff and three colleagues attempted to use the device to lift a morbidly obese patient who weighed in excess of 600 pounds. According to the Plaintiff's deposition testimony, she learned at or shortly after the time of her injury that the lift which caused her injury was known as a `McKinnon Lift.' Transcr. Depo. of Delight West 122:22-25 (March 3, 2005).
Given the strictly procedural nature of the issues presented in this motion for summary judgment, the Court will provide a scrupulous account of the relevant procedural history. On February 28, 2003 — three days prior to the running of the statute of limitations — the Plaintiff filed her original complaint which named as defendants: Hill-Rom Company, Inc., Alias, and/or Doe Corporation, Alias and/or John Does, Alias, and/or Jane Does, Alias individually and as agents of Hill-Rom Company, Inc. ("Hill-Rom") and/or Doe Corporation, Alias.
On March 14, 2004, Hill-Rom filed a motion for a more definite statement which the Court subsequently granted. On April 22, 2003, the Plaintiff filed a statement which specified that the malfunctioning of the "McKinnon Lift" caused her injuries. Following the receipt of the Plaintiff's more definite statement, Hill-Rom, represented by Attorney Todd White, filed a motion to dismiss on the basis that Columbus McKinnon Corporation[1] — not Hill-Rom — manufactured the lift. Hill-Rom further represented that it had no involvement with the McKinnon Lift.
On June 2, 2003, after identifying the correct manufacturer, the Plaintiff forwarded a copy of the summons and amended complaint to Columbus McKinnon in accordance with Rule 4(d)(2). On even date, the Plaintiff also filed a motion to amend her complaint to substitute Columbus McKinnon for one of the named John Does in the original complaint. The Court granted the Plaintiff's motion to amend the complaint on June 23, 2003. Consequently, the Plaintiff stipulated to a dismissal of Hill-Rom from the action with prejudice on August 25, 2003.
Pursuant to a subpoena duces tecum served December 1, 2003, the Plaintiff then deposed the keeper of the records at KCMH on January 14, 2004. During this deposition, the Plaintiff learned that Mediq/PRN had leased the McKinnon Lift to KCMH.[2] Shortly thereafter, the Plaintiff discovered that the now-dismissed Hill-Rom had recently purchased the assets and liabilities of Mediq/PRN. Accordingly, the Plaintiff filed a motion to vacate the dismissal stipulation against Hill-Rom and a motion to add Mediq/PRN as a defendant on December 3, 2004. On March 9, 2005, this Court granted the Plaintiff's motion to vacate the dismissal stipulation and likewise granted the motion to amend their complaint. Thereafter, the Plaintiff served Mediq/PRN with a summons and copy of the second amended complaint on March 17, 2005.
On April 21, 2005, Columbus McKinnon filed a motion for summary judgment arguing that the Plaintiff's claims were time-barred. For similar reasons, on April 29, 2005, Mediq/PRN filed its motion for summary judgment. The parties presented oral arguments to the Court on June 13, 2005. After hearing oral arguments and reviewing the entirety of the evidence on the record, the Court is prepared to render its decision on the Defendants' motions for summary judgment.
 Standard of Review
A hearing justice should grant a motion for summary judgment if, viewing the evidence in the light most favorable to the nonmoving party, "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." DeCamp v. Dollar Tree Stores,Inc., 875 A.2d 13, 20 (R.I. 2005) (quoting Ritter v. Mantissa InvestmentCorp., 864 A.2d 601, 604 (R.I. 2005)). "The nonmoving party then must prove by competent evidence the existence of a disputed material issue of fact and cannot rest on allegations or denials in the pleadings or on conclusions or legal opinions." Id. "The question of whether a statute of limitations has run against a plaintiff's claim is, of course, a question of law, but in deciding that question of law, it is often necessary for the motion or trial justice to first find preliminary facts before deciding a question of law." Hall v. Insurance Co. of N. America,727 A.2d 667, 669-70 (R.I. 1999).
Both Mediq/PRN and Columbus McKinnon have filed motions for summary judgment arguing that the Plaintiff's claims against them are time-barred because the three-year statute of limitations has run. The statute of limitations which applies to the underlying cause of action is G.L. (1956) § 9-1-14(b) which reads in relevant part: "[a]ctions for injuries to the person shall be commenced and sued within three (3) years next after the cause of action shall accrue, and not after."
A statute of limitations begins to run at the time the cause of action accrues. See Rivers v. Am. Commerce Ins. Co., 836 A.2d 200, 204 (R.I. 2003). In the case at bar, the Plaintiff's cause of action accrued on the day of the accident, March 3, 2000. As such, the statute of limitations ran on March 3, 2003. Nevertheless, the Plaintiff did not serve Columbus McKinnon until June 2, 2003 or Mediq/PRN until March 17, 2005. Consequently, unless the Plaintiff's amended complaints can relate back to the filing date of the original complaint, the Plaintiffs claims against Columbus McKinnon and Mediq/PRN are time-barred.
In Hall, the Rhode Island Supreme Court encouraged a motion justice to employ a two-step procedure when considering a case where the plaintiff adds a defendant to a pending action and said defendant moves for summary judgment to challenge the amended complaint on statute of limitation grounds. The Supreme Court stated
 "[p]rior to making any final ruling on the motion for summary judgment, the hearing justice may first, as a preliminary factual matter, determine whether the plaintiff, prior to adding the new defendant to his action by amending the complaint, had acted with due diligence in discovering the identity of the previously unknown defendant." Id. at 669.
Accordingly, before reaching the motions for summary judgment, the Court will determine — as a preliminary matter — whether the Plaintiff has acted with due diligence in discovering the identity of previously unknown Defendants Columbus McKinnon and Mediq/PRN and in joining those Defendants as parties. Because a finding of due diligence is a threshold determination necessary to reach a Rule 15 relation-back analysis, if the Court finds that due diligence has not been exercised, the inquiry ends, and the amended complaint does not relate back to the filing date of the original complaint. See id.
 Due Diligence
"It is at times proper for a motion or trial justice to determine as a preliminary issue whether a plaintiff has acted with due diligence in discovering the identity of a previously unknown defendant and in joining that defendant as a party, and the court may do so in a separate, evidentiary proceeding preliminary to a consideration of a summary judgment motion." Hall,727 A.2d at 670. Although the Court offered counsel the opportunity to place additional evidence on the record by holding an evidentiary hearing on the issue of due diligence, the parties opted to rest on the evidence already presented. Consequently, the Court will base the due diligence determination on the present state of the record.
At the onset of the due diligence analysis, the Court will distinguish the subtle differences in the respective postures of Columbus McKinnon and Mediq/PRN in the case at bar. Specifically, the Plaintiff added Mediq/PRN as a new party nearly 22 months after the statute of limitations had run. Conversely, the Plaintiff substituted Columbus McKinnon for a named John Doe within 120 days of the filing of the original complaint pursuant to G.L. (1956) § 9-5-20.
The Plaintiff argues that she tolled the applicable statute of limitations by substituting Columbus McKinnon for one of the numerous Does named in her original complaint, and she served Columbus McKinnon with the amended complaint. In support of this argument, the Plaintiff relies on § 9-5-20 which reads:
 "Whenever the name of any defendant or respondent is not known to the plaintiff, the summons and other process may issue against him or her by a fictitious name, or by such description as the plaintiff or complainant may select; and if duly served, it shall not be abated for that cause, but may be amended with or without terms as the court may order."
In Grossi v. Miriam Hospital, 689 A.2d 403 (R.I. 1997), the Rhode Island Supreme Court had occasion to interpret § 9-5-20. The Court stated that § 9-5-20
 "permits a plaintiff to toll an applicable statute of limitations against a known but then unidentifiable defendant at the time of the filing of a civil action by designating that unidentified defendant by means of a fictitious name, such as John Doe. However, once having used a fictitious name in place of an unidentified defendant, § 9-5-20 does not permit a plaintiff then to give up the search for the identity of the real defendant. A "due diligence" obligation is imposed upon the plaintiff in order to bring the real defendant into the litigation and to subject that defendant to the jurisdiction of the particular court by proper reasonable notice and diligent service." Grossi v. Miriam Hospital, 689 A.2d 403, 404 (R.I. 1997).
In the instant case, the record is devoid of any evidence to suggest that the Plaintiff acted with due diligence in discovering either the identity of the proper manufacturer or the existence and/or identity of the proper lessor. In fact, a review of the evidence on the record leads the Court to the opposite conclusion. First, the most persuasive evidence is the Plaintiff's deposition testimony in which she admits that — within days of the accident — she discovered that the device which caused her injury was known as a McKinnon Lift.
Next, the Plaintiff's counsel conceded that she did not request any records from KCMH before the filing of the underlying complaint and the running of statute of limitations. Although counsel stated that she did not believe KCMH would comply with her request, the Court finds such a belief to be unreasonable because the Care New England Employee Incident Report — signed by the Plaintiff — clearly states that "[a]ny employee may obtain a copy of his/her Incident [Report] from Employee Health Services upon request."[3] Furthermore, Defendant Columbus McKinnon requested and received both a copy of the Incident Report and a portion of the hospital's investigation report. The KCMH investigation report contains critical information. First, it identifies the allegedly defective device as a "McKinnon Lift." Additionally, it states:
 "[t]he rental company was notified. The representative arrived next day on 7[am]-3[pm] shift[.] [H]e inserviced the staff who educated the following 3-11 shift. The staff had no further difficulty with the equipment and even were able to accurately weigh the patient on Saturday 7-3 [shift] using the lift." From this document, it is evident that the machine was leased to KCMH, and that the rental company (Mediq/PRN) had notice of the malfunction.
Prior to filing a complaint to recover damages in a personal injury action, the Plaintiff must make reasonable efforts to identify the proper parties within the statutory period enacted by the Legislature. A plaintiff may not delay making said inquiries, file an action three days before the running of the statute of limitations, and name John Does to circumvent the failure to seasonably obtain the appropriate information. In the absence of evidence that the Plaintiff made even minimal efforts to discover the identity of the manufacturer or lessor within the relevant statutory period and related evidence that said efforts were either stonewalled and/or unfruitful, the Court has no basis to conclude that the Plaintiff acted with due diligence.
"If the hearing justice should find that due diligence had not been exercised, that finding, in itself, can serve as sufficient basis upon which to deny relation back of the amended complaint and to later grant summary judgment as a matter of law in favor of the newly added party." Hall, 727 A.2d at 670. The Court finds that the evidence suggests of only one reasonable conclusion — that the Plaintiff failed to act with due diligence to timely identify Columbus McKinnon and Mediq/PRN as proper parties to the underlying action. Accordingly, the amended complaints do not relate back to the filing date of the original complaint.
Having determined that the amended complaints to do not relate back, the Court can now address the pending motions for summary judgment. The undisputed facts demonstrate that the Plaintiff served Defendant Columbus McKinnon on June 2, 2003 and Defendant Mediq/PRN on March 17, 2005. Because both attempts at service occurred after the running of the statute of limitations on March 3, 2000, the Plaintiff's claims asserted against Columbus McKinnon and Mediq/PRN are time-barred. Therefore, the Defendants are entitled to judgment as a matter of law.
 Conclusion
Based on the entirety of the evidence on the record, the Court holds that there is no factual basis upon which to conclude that the Plaintiff acted with due diligence to identify the proper parties to the underlying action. In the absence of due diligence, the amended complaints do not relate back to the filing date of the original complaint. As such, the amended complaints are time-barred because they were filed after the running of the statute of limitations. Therefore, the Court hereby grants the motions for summary judgment filed by Columbus McKinnon and Mediq/PRN.
Counsel shall submit an appropriate order which reflects the Court's decision.
[1] Columbus McKinnon — headquartered in Amherst, New York — designs and manufactures various lift devices and related products.
[2] According to an affidavit of Jeffrey A. Browning — the Manager of Service Operations Quality Systems and Compliance for Hill-Rom — Mediq/PRN formerly had a division called Mediq-FST which leased and provided patient care equipment to medical facilities. In March 2000, Mediq-FST leased the McKinnon Lift to KCMH.
[3] The Court also notes that the Plaintiff received worker's compensation benefits as a result of the injury. Under G.L. (1956) § 28-29-17, an employee who elects to receive worker's compensation benefits waives her right to avail herself of actions at common law to recover damages for personal injuries. Consequently, KCMH was not an immediate threat of a potential tort suit.